**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Ragan, an individual. | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-09208** |
| | ) | |
| BP Products North America, Inc., | ) | |
| a Maryland corporation; | ) | Judge: Honorable Marvin E. Aspen |
| BP America, Inc., | ) | |
| a Delaware corporation; | ) | |
| | ) | Jury Trial Demanded |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR**
**PROTECTIVE ORDER REGARDING PLAINTIFF'S RULE 30(b)(6) DEPOSITION**

Plaintiff Kathleen Ragan, through her attorneys Segal McCambridge Singer & Mahoney Ltd., opposes Defendants', BP Products North America Inc. and BP America Inc. (collectively "BP") motion for protective order regarding Plaintiff's Rule 30(b)(6) deposition, and in support states as follows:

## INTRODUCTION

Ms. Ragan served BP Products North America Inc. (BPPNA) with a Rule 30(b)(6) deposition notice over two months ago. Since then, her counsel has engaged in extensive meet and confer to obtain testimony from BP Products North America, Inc.'s corporate representative. Defendant's counsel has put up numerous obstacles that Ms. Ragan has attempted to negotiate by offering stipulations, concessions, and agreements regarding the scope of the deposition. Ms. Ragan needed to rely on Defendant's counsel knowledge of the structure and organization of her client, a point which even Defendant's counsel acknowledged. While that was time consuming, it was also productive.

What was not productive was Defendants' counsel's eleventh-hour edict that it would not provide a Rule 30(b)(6) witness on any topic for which it was adopting prior deposition testimony of its employees. Defendants also reserved for themselves the right to testify additionally, and through other corporate witnesses, at trial, however, thus precluding Ms. Ragan from complete discovery on the topics that Defendants unilaterally took off the table.

The Federal Rules of Civil Procedure do not support the position that the Defendants are advocating here. Defendants' motion, which seeks to either completely bar Plaintiff from taking a Rule 30(b)(6) deposition, or taking one under the scheme set out in Defendant counsel's March 18, 2019 letter, is factually and legally unsupportable. Defendants' motion should be denied, and Defendants should be ordered to produce a Rule 30(b)(6) witness under the terms contained in Plaintiff's counsel's letter dated March 20, 2019. (Exhibit J).

Equally unsupportable is Defendant's request for sanctions. Ms. Ragan's counsel has spent an enormous amount of time trying to meet the demands that Defendant has placed on Ms. Ragan taking the Rule 30(b)(6) deposition. What Plaintiff has not agreed to was Defendant's unilateral edict that certain topics be foreclosed from further discovery even though Defendants remain able to testify unfettered to them at trial. The Federal Rules do not support such a notion. Defendants' request for sanctions should be denied in their entirety.

**BACKGROUND**

Ms. Ragan first served her Rule 30(b)(6) deposition notice to BP Products North America Inc. (BPPNA) on January 17, 2019.[1] (Exhibit A). Even before Ms. Ragan noticed the Rule 30(b)(6) deposition, her counsel and Defendants' counsel discussed Defendants' counsel identifying upcoming witnesses appearing for their deposition both as individuals and corporate

---

[1] BPPNA is the only party to which Plaintiff has issued a Rule 30(b)(6) deposition notice, and therefore BP America, Inc. has no standing or legitimate purpose to seek a protective order. Ms. Ragan will refer to her opponents in this opposition as "Defendants" regardless.

representatives. Decl. of Joseph L. Kish, ¶ 3. Defendants' counsel never provided this identification before the subsequent depositions. Since then, Plaintiff has made every effort to streamline and narrow the topics in the Rule 30(b)(6) notice with reasonable particularity.

On February 5, 2019 (before the testimony was taken) Ms. Ragan's counsel offered to allow BPPNA to stipulate that testimony of BPPNA's employees would be attributable to the company. Decl. of Joseph L. Kish, ¶ 4; Exhibit B. Part of Plaintiff's stipulation proposal included the requirement that BPPNA would not call witnesses at trial to rebut deposition testimony of "I don't know." Decl. of Joseph L. Kish, ¶ 4; Exhibit B. This was to protect Ms. Ragan from BPPNA reaping the benefit of not producing a witness for the Rule 30(b)(6) deposition while also retaining the ability to expand its testimony at trial. Without this condition, BPPNA's any testimony stipulation precludes Ms. Ragan from discovering relevant testimony before trial.

Even after receiving twenty-one pages of baseless objections (Exhibit C) (most of which Defendants' counsel withdrew, abandoned, or were rendered moot by Plaintiff's proposed stipulation), Ms. Ragan's counsel met and conferred over every single topic contained in the notice for approximately two hours on February 12, 2019. Decl. of Kelley S. Gordon, ¶ 4. During this meet and confer telephone conversation, Plaintiff's counsel provided examples of questions Plaintiff intended to address at the Rule 30(b)(6) deposition, and was prepared and did offer, to narrow some of the topics. During this telephone call, Defendants' counsel acknowledged that she was privy to additional information related to the structural breakdown of BPPNA that Plaintiff's counsel was not, and conceded that without stipulations the individuals' testimony was not binding on BPPNA. The parties did come to an agreement on some of the topics and Plaintiff further narrowed other topics. Two days later on February 14, 2019, Ms.

Ragan's counsel issued an amended notice with the topics narrowed. Decl. of Kelley S. Gordon, ¶ 5; Exhibit D.

Following the amended notice, the parties exchanged further meet-and-confer correspondence about the topics and Defendant's counsel represented that they were reviewing deposition transcripts before determining on which topics BPPNA would adopt previous individuals' testimony as BPPNA's. Decl. of Kelley S. Gordon, ¶ 6; Exhibit E.

Eventually, on February 27, 2019 and again on March 5, 2019 BPPNA agreed to produce a Rule 30(b)(6) witness on many of the topics from Plaintiff's amended notice and indicated BPPNA was stipulating to testimony on specific examples by topic provided to Defendant's counsel on the February 12, 2019 telephone call. Exhibits F, G.

Ms. Ragan's counsel responded on March 15, 2019 and reminded BPPNA's counsel that Ms. Ragan's initial offer to stipulate was for the entire notice, but Ms. Ragan altered this to be *topic* specific, and enclosed Ms. Ragan's second amended notice with the updated deposition date. Decl. of Kelley S. Gordon, ¶ 11; Exhibit H. On March 18, 2019 Defendants' counsel retracted its agreement to produce a witness as contained in their February 27, 2019 and March 5, 2019 letters, and instead attempted to stipulate to an additional ten topics as compared to its March 5, 2019 letter. Decl. of Kelley S. Gordon, ¶ 12; Exhibit I.

Defendants' March 18, 2019 letter demonstrated that BPPNA was reneging on its prior agreements. Defendants had no other purpose but to avoid presenting a Rule 30(b)(6) witness on certain topics all together. This aspect of the proposed stipulation was never discussed let alone agreed on. That same day, Defendants filed their motion for protective order, which essentially seeks relief to which Defendants are not entitled, and ignores our two months of meet-and-confer.

Since the filing of Defendants' unnecessary motion for protective order, Ms. Ragan's counsel have attempted to resolve any remaining disputes on numerous occasions to no avail. Decl. of Kelley S. Gordon, ¶¶ 14, 15, 16, 17, 18; Decl. of Joseph L. Kish, ¶¶ 7, 8, 9, 10, 11. Ms. Ragan's counsel contacted Defendants' counsel on March 19, 2019 at which point Defendants' counsel represented they were amenable to working out a solution to the dispute. Decl. of Kelley S. Gordon, ¶ 14. At no point during the March 19, 2019 discussion did Defendants' counsel state the only agreement BPPNA was willing to reach was its March 18, 2019 letter. Decl. of Kelley S. Gordon, ¶ 16.

Based on the representations and clarification Defendants' counsel provided, on March 20, 2019, Plaintiff sent Defendants' counsel a letter agreeing to almost every issue BPPNA claimed to have and agreeing to accept stipulations as delineated in *Defendants'* counsel's March 5, 2019 letter. Exhibit J. In response, on March 21, 2019 Defendants' counsel retracted her representations not only from the March 19, 2019 telephone conversation, but also for the entire course of the two months of meet and confer, and did not even address the substantive proposal of Ms. Ragan's counsel's March 20, 2019 letter. Decl. of Kelley S. Gordon, ¶ 18; Exhibit K. Defendants' counsel's March 21, 2019 letter implies that her March 18, 2019 letter was a take it or leave it proposal, declines the possibility of further meet-and-confer, and relies on the fact that BPPNA has already filed its motion for protective order as an excuse not to resolve this matter. The implications from Defendants' counsel's March 21, 2019 letter are contrary to the discussion the parties had on March 19, 2019.

Despite Defendants' counsel's efforts to cease further discussions, Ms. Ragan's counsel *still* attempted to reach a resolution. Decl. of Joseph L. Kish, ¶¶ 7, 8, 9, 10, 11. On March 23, 2019 Defendant's counsel informed Ms. Ragan's counsel, for the first time during the course of

the parties' almost two months of meeting and conferring, that the stipulations being offered by BPPNA were actually *not* those in Plaintiff's February 5, 2019 correspondence. Decl. of Joseph L. Kish, ¶ 13.

Ms. Ragan's counsel has consistently (even before issuing the Rule 30(b)(6) notice) attempted to streamline and narrow the topics and testimony with reasonable particularity. Nothing in Defendants' motion for protective order argues otherwise. In reality, Defendants have mischaracterized discussions and taken utterly inconsistent positions that have had the effect of needlessly delaying the Rule 30(b)(6) deposition for over two months. Defendants' counsel has retracted her previous agreement to present a Rule 30(b)(6) witness and at the last moment informed Ms. Ragan they will not agree to the original stipulation, which cuts against the parties past two months of discussions. Defendants present position allows Defendants to unilaterally dictate the content of Rule 30(b)(6) testimony and foreclose Plaintiff from appropriately engaging in discovery of that testimony. Moreover, Defendants' request that there be no Rule 30(b)(6) deposition is illogical, when BPPNA has consistently agreed to produce a witness on at least some of the topics noticed, even in its most recent March 18, 2019 proposal.

## ARGUMENT

### A. Ms. Ragan's Rule 30(b)(6) notice is not "needlessly duplicative."

Defendant references *Aldridge v. Lake County Sheriff's Office,* 2012 WL 3023340 (N.D. Ill. July 24, 2012) to support its contention that testimony is duplicative, and parties can adopt another individuals' testimony as the corporation. Why Defendants do so is unclear because it supports Ms. Ragan's position here. While it is true that a party may do so (thus Plaintiff's original suggestion), the corporation at a minimum "is still required to designate a witness who can testify that the organization's position 'is that of another witness.'" *Id.* at *3. Similarly, the

court in *Aldridge* ultimately limited "the defendant's position at trial to the testimony provided by its 30(b)(6) witness." *Id.* at *6. Defendants here take the opposite position, however, thus making an agreement impossible. *Aldridge* actually supports the stipulation that Ms. Ragan made originally in its February 5, 2019 letter.

BPPNA's assertion that it believes the anticipated testimony is duplicative is immaterial. Courts have recognized that even if there is duplicative testimony, this does not prevent a party from conducting the Rule 30(b)(6) deposition. *See DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 09-60276-CIV-COHN, 2009 WL 3418148, at *4 (S.D. Fla. Oct. 19, 2009) (finding no good cause for a protective order, stating that corporation's offer to adopt individual testimony for corporation did not obviate the need for the Rule 30(b)(6) deposition, and that individuals are "only required to testify as to what he recalled" but corporate representatives are obligated to testify to as to all information known or reasonably available to the corporation."); *LendingTree, Inc. v. LowerMyBills, Inc.*, No. 3:05CV153–C, 2006 WL 2443685 (W.D.N.C. Aug. 22, 2006) (granting motion to compel Rule 30(b)(6) deposition even though 30(b)(6) designee had previously testified in his individual capacity on topics similar to those identified in the 30(b)(6) notice); *Smith v. General Mills*, No. C2 04–705, 2006 WL 7276959, at *5 (S.D.Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."); *Commodity Futures Trading Comm'n v. Midland Rare Coin Exchange, Inc.*, No. 97–7422, 1999 WL 35148749, at *3 (S.D.Fla. Aug. 4, 1999) (party could depose witness in his individual capacity for six-hours and also depose the same witness as Rule 30(b)(6) corporate representative for an additional six hours as "the

depositions serve distinct purposes, impose different obligations ... and involve different ramifications.").

BPPNA's assertion is also belied by the extensive meet-and-confer in which the parties engaged. BPPNA's initial argument of duplication was resolved during the parties' initial meet-and-confer on February 12, 2019 and was not raised again until Defendants filed this motion. Stated simply, Defendants assertion of duplication is unfounded. It is also belied by the fact that BPPNA has agreed to present a witness on almost every single noticed topic, even reiterating Plaintiff's counsel's examples of questions that are appropriate to ask the witness. *See* Exhibits F, G, and I (Defendants' counsel's February 27, 2019, March 5, 2019, and March 18, 2019 letters).

Defendants' counsel's representation that "Plaintiff was unable to point to any [missing] testimony" is inaccurate. (*See* motion, p. 12). The parties specifically discussed the inordinate amount of "I don't know" or "I'm not in 'Reward'" responses to questions that Plaintiff's counsel received over the course of depositions up to the point of the February 12, 2019 meet-and-confer. Decl. of Kelley S. Gordon, ¶ 4. The fact that BPPNA will not now agree to the proposed stipulation (of not calling a witness to rebut answers of "I don't know") demonstrates BPPNA's acknowledgement that Plaintiff has not received testimony on its noticed topics. Lack of knowledge types of answers were consistent throughout the remainder of the depositions following the parties' February 12, 2019 meet-and-confer, with individuals quick to respond to any variety of questions that touched on numerous topics from the Rule 30(b)(6) notice with "I don't know" or indicating they would have to speculate to answer the questions. These responses are of course appropriate for individuals, but not for a corporate representative. *See DHL Express (USA), Inc.*, 2009 WL 3418148, at *4. The most appropriate conditions to proceed

under for the Rule 30(b)(6) deposition are set forth in Plaintiff's March 20, 2019 letter, which further eliminates Defendants' claim of duplicative testimony.

**B. There is no good cause for issuing a protective order.**

Plaintiff's March 20, 2019 proposal renders the vast majority of Defendants' motion for protective order moot. Defendants' motion for protective order complains of the purported over-breadth of topics 3-5, 7-8, 9, 10, 13, 14, 15, 17, 18, and 20. But Ms. Ragan's counsel's March 20, 2019 letter that is the result of the two months of meet-and-confer and agrees to the limitations BPPNA imposed on topics 3-5, 9, 10, 13, 14, and 20. Defendants' counsel's March 18, 2019 letter (and BPPNA's requested relief for this motion) even agrees to present a witness on topics 9, 10, 13, 14, and 15, so it is completely illogical that BPPNA attempts to complain of these topics the very next day with its motion for protective order. Topic 17 was inadvertently omitted from Plaintiff's March 20, 2019 letter, but Plaintiff is similarly willing to accept BPPNA's stipulation and witness presentment as indicated in its March 5, 2019 letter.

The only remaining topics not fully capitulated to are topics 7, 8, 15, and 18. Plaintiff has agreed to limit these four topics to the Global Energy Products (GEP) bench, but not to limit it to traders and originators. Plaintiff's March 20, 2019 letter provides the reason not to limit it further to traders and originators: "BPPNA has asserted that Ms. Ragan's purported lack of judgment with respect to Clean Energy [stock] contributed to her termination. Mr. Barry has testified that discussions related to Clean Energy were 'bench base[d]' conversations. Mr. Barry's testimony implicates that this issue was due to Ms. Ragan's proximity to those 'In-The-Know' on this project. This can arguably encompass any other individual in the GEP bench within proximity to those 'In-The-Know.'"

BPPNA's purported conflict of interest narrative is chronologically the last event that BPPNA has identified contributing to the termination of Ms. Ragan. Ms. Ragan is entitled to discover information related to others, or in Mr. Barry's words, bench-based – not just traders and originators – on the GEP bench. This is regarding BPPNA's IST Global Trading Guidelines and Requirement policies and conflict of interest policies that BPPNA believes Ms. Ragan violated and their application to the GEP group (topics 7-8), how severance offerings for the GEP group were determined during Ms. Ragan's employment (topic 15), and the process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BPPNA's disciplinary policies during Ms. Ragan's employment (topic 18). Each of these four topics are pertinent to what BPPNA has presented as the last straw leading to Ms. Ragan's termination and are appropriately narrowed to the bench-wide nature of discussions testified to by Mr. Barry.

BPPNA's motion for protective order only further presents the waffling and muddled nature of the meet-and-confer Plaintiff has attempted to navigate in good faith for over two months. This meet-and-confer has resulted in Plaintiff bending over backwards to accommodate BPPNA's demands within reason, including narrowing the list of topics as demanded by Defendants. There is simply no good cause for Defendants' motion for protective order. Defendants' motion for protective order should be denied in its entirety.

**C. Defendants should not be awarded sanctions.**

Defendants had no legitimate purpose to seek a protective order and thus are not entitled to be awarded its fees incurred for preparing such an unnecessary motion. Even in the event this Court grants Defendants' motion, which it should not, Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) provides grounds where payment of a party's fees must *not* be ordered. Fed. R. Civ. P.

37(a)(5)(A)(i)-(iii) ("But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."). All three of these grounds are present here because (i) Defendants' counsel filed its motion during the ongoing meet and confer without disclosing its denial of a material term to its proposed stipulations, (ii) Ms. Ragan's responses both before and after the filing of this motion were substantially justified, and (iii) an award of expenses unjustly rewards BPPNA's vacillation and lack of transparency in its negotiations and efforts to deny Ms. Ragan's Rule 30(b)(6) witness deposition.

**CONCLUSION**

Plaintiff requests this Honorable Court (1) deny Defendants' motion for protective order, (2) deny Defendants' request for sanctions, (3) Order BPPNA to produce its Rule 30(b)(6) witness per Ms. Ragan's March 20, 2019 meet and confer correspondence, including bench wide scope of discovery for topics 7, 8, 15, and 18, and limit BPPNA's testimony on the areas for which it offers to adopt prior deposition testimony to that testimony alone, with no possibility to contradict answers of "I don't know" at trial; and (4) order all other relief this Court deems appropriate.

Respectfully submitted,
Kathleen Ragan

/s/ Kelley S. Gordon____________
One of her attorneys

Joseph L. Kish – jkish@smsm.com
Kelley S. Gordon – ksgordon@smsm.com
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## CERTIFICATE OF SERVICE

The undersigned certifies that Plaintiff's Opposition to Defendants' Motion for Protective Order was served upon all counsel of record electronically through CM/ECF, on March 25, 2019.

Respectfully submitted,

By: /s/ Kelley S. Gordon

Joseph L. Kish – jkish@smsm.com
Kelley S. Gordon – ksgordon@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 S. Wacker Dr.
Suite 5500
Chicago, IL 60606
(312) 645-7800
***Attorneys for Plaintiff/Counter Defendant***