**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Ragan, an individual. | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-09208** |
| | ) | |
| BP Products North America, Inc., | ) | |
| a Maryland corporation; | ) | Judge: Honorable Marvin E. Aspen |
| BP America, Inc., | ) | |
| a Delaware corporation; | ) | |
| | ) | Jury Trial Demanded |
| Defendants/Counterplaintiffs. | ) | |

**DECLARATION OF JOSEPH L. KISH**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney licensed in the state of Illinois and a member of the Northern District of Illinois Trial Bar.

2. I have personal knowledge of the facts contained in this Declaration and could competently testify to them if called to do so.

3. On January 11, 2019 while in London, United Kingdom, I discussed with Defendants' counsel the possibility that upon her receipt of Plaintiff's Rule 30(b)(6) deposition notice, she could specify which of the upcoming deponents could stipulate that their testimony would be on behalf of BP Products North America, Inc. (BPPNA) as well as the individuals.

4. In order to facilitate the Rule 30(b)(6) deposition, on February 5, 2019 I proposed that BPPNA stipulate that the deposition testimony of Daniel Barry, Zach Scott, Teresa Lopez, Sean Reavis, Donna Weimer, Stephanie Curulewski, Beth Cook, Carey Mendes, and Jim

Bordignon are testimony on behalf of the individuals and as corporate representatives. I included the condition on the stipulation proposal that "BP will not call corporate representative witnesses at trial to rebut or clarify deposition testimony responses of 'I don't know[.]'"

5. I am aware that Kelley S. Gordon engaged in a series of meet and confer efforts with Defendants' counsel both before and after this motion for protective order.

6. I was copied on Defendants' counsel's March 21, 2019 letter where Defendants' counsel refused to engage in further meet and confer.

7. I responded to Defendants' counsel the same day and offered to resolve the matter and indicated that Kelley S. Gordon and I were available on March 22, 2019 to discuss.

8. Defendants' counsel responded to me on March 22, 2019 and stated that "further discussions are exhausted, unproductive and unlikely to lead anywhere. If you have something specific you want BP to consider, pass it on."

9. I responded the same day and again offered to discuss working out the one remaining issue of limitation of topics to Global Environmental Products traders and originators.

10. Defendants' counsel responded the same day and refused to agree to anything other than what was set out in her March 18, 2019 letter.

11. I responded again on March 22, 2019 and asked Defendants' counsel to confirm that the stipulations offered by BPPNA were made in accordance with the proposal in my February 5, 2019 letter, that BPPNA would not call witnesses to rebut witness testimony of "I don't know."

12. I never conceded that the intended Rule 30(b)(6) testimony was duplicative of testimony provided by individuals.

13. Defendants' counsel informed me on March 23, 2019 for the first time that BPPNA was not offering stipulations in accordance with my proposal from February 5, 2019.

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 25th day of March 2018.

Joseph L. Kish