**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Ragan, an individual. | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-09208** |
| | ) | |
| BP Products North America, Inc., | ) | |
| a Maryland corporation; | ) | Judge: Honorable Marvin E. Aspen |
| BP America, Inc., | ) | |
| a Delaware corporation; | ) | |
| | ) | Jury Trial Demanded |
| Defendants/Counterplaintiffs. | ) | |

**DECLARATION OF KELLEY S. GORDON**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney licensed in the state of Illinois and a member of the Northern District of Illinois General Bar.

2. I have personal knowledge of the facts contained in this Declaration and could competently testify to them if called to do so.

3. On January 17, 2019 I served Plaintiff's notice of Rule 30(b)(6) deposition to BP Products North America, Inc. (BPPNA). BPPNA responded on January 31, 2019 with twenty-one pages of written objections to each noticed topic.

4. On February 12, 2019 I conferred by telephone with Defendants' attorneys, Katherine Mendez and Ashley Laken, for two hours making a good faith attempt to resolve BPPNA's issues with Plaintiff's Rule 30(b)(6) notice of deposition. During this conversation, Defendants' counsel admitted that even though there had been deposition testimony on some of the topics from Plaintiff's notice, that this previous deposition testimony was not binding testimony on BP Products North America, Inc. (BPPNA). Despite this, Defendants' counsel

expressed confusion as to why testimony on these topics was needed and demanded specific examples. In response, and in an effort to streamline the Rule 30(b)(6) deposition, I suggested that BPPNA could stipulate to topics listed in the notice, provided Defendants' counsel with specific examples of questions that the topics covered on which there had not been testimony, and raised the inordinate amount of "I don't know" or "I'm not in 'Reward'" responses provided during depositions. The parties narrowed some topics, Defendants' counsel withdrew objections, and Defendants' counsel represented that she needed to speak with her client about some of her proposals to narrow topics to a particular group within BPPNA. Defendants' counsel also acknowledged that she was privy to additional information related to the structural breakdown of BPPNA that Plaintiff's counsel was not.

5. On February 14, 2019 Plaintiff re-noticed the Rule 30(b)(6) deposition reflecting the narrowed topics agreed to on February 12, 2019 and the pre-existing topics on which Defendants' counsel withdrew objections.

6. On February 15, 2019 Defendants' counsel sent me a letter indicating BPPNA was presenting a Rule 30(b)(6) witness on certain topics and they were still reviewing transcripts for stipulations.

7. Having heard nothing further from Defendants' counsel, on February 20, 2019, I informed them that "due to the ongoing discussions related to BPPNA's production of witnesses on certain topics and potential willingness to stipulate as to others, we are confirming that the Amended Notice for the deposition tomorrow February 21, 2019 is cancelled and will be re-noticed."

8. The topics of the Rule 30(b)(6) notice were not discussed again until February 27, 2019 when I received a letter from Defendants' counsel again indicating that BPPNA was

presenting a witness and stipulating to portions of the topics contained in the Rule 30(b)(6) notice. I also received an almost identical letter on March 5, 2019 that Defendants' counsel indicated was due to a typo in their February 27, 2019 letter. Both the February 27, 2019 and March 5, 2019 letters delineated the examples of questions I provided to Defendants' counsel on our February 12, 2019 meet and confer telephone call, and agreed to produce a witness on these specific questions. I never agreed to limit the Rule 30(b)(6) deposition to the examples I previously provided.

9. On March 13, 2019 I received an email from Defendants' counsel stating, "BP will not be presenting its witness to testify on those topics on which we noted that BP will designate previous witness testimony as 30(b)(6) testimony." I never agreed to limit the Rule 30(b)(6) deposition in this way.

10. On March 15, 2019 I received an email from Defendants' counsel stating, "[O]n March 27, BP's witness will be prepared to testify to topics consistent with our February 27/March 5 letter. BP will not be presenting its witness to testify to those topics on which we noted that BP will designate previous witness testimony as 30(b)(6) testimony."

11. I responded to Defendants' counsel the same day and stated that counsel's March 5, 2019 letter "delineates some of the examples by topic I provided [to counsel] on our February 12, 2019 call, and attempts to limit the deposition testimony to these examples." I provided Defendants' counsel with an amended Rule 30(b)(6) notice with the deposition date updated to March 27, 2019 per the parties' agreement.

12. On March 18, 2019, Defendants' counsel sent me a letter via email purporting to "agree[]" that ten of the topics BP had previously agreed to produce a witness for were "no

longer viable topic[s] for its 30(b)(6) witness." I never agreed that ten of the topics BP had previously agreed to produce a witness for were no longer viable.

13. I responded by indicating that Plaintiff would be proceeding with the deposition as noticed. Later that same evening Defendants filed their motion for protective order.

14. On March 19, 2019, I spoke with Defendants' counsel for approximately twenty minutes to discuss whether BPPNA was amenable to resolving the issues BPPNA might still have with Plaintiff's Rule 30(b)(6) notice. I communicated this intended purpose of my telephone call specifically in response to Defendants' counsel's question of "what do you want." Defendants' counsel said that they were open to resolving the issues.

15. During our March 19, 2019 telephone conversation, I asked Defendants' counsel whether the delineation of examples under each topic in her March 5, 2019 letter were intended to limit Plaintiff to asking questions only to those examples. Defendants' counsel indicated that was not her intention and although she "did not want to come up with additional questions for [me]" she stated a few more examples of questions under Topic 1 that were not listed in her March 5, 2019 letter that she implied would be acceptable.

16. During our March 19, 2019 telephone conversation, I reiterated a point that Defendants' counsel had made on our February 12, 2019 telephone conversation that Defendants' counsel is privy to who specifically is encompassed by the Global Environmental Products (GEP) bench better than Plaintiff, and that I would like a better understanding as to whether this group was an appropriate limitation for the topics in the Rule 30(b)(6) notice. I also asked Defendants' counsel whether the policies at issue that BPPNA wanted to limit questioning related to GEP traders and originators were GEP specific or company-wide policies. Defendants' counsel stated these were company-wide policies, and that she did not want Plaintiff

to bring a motion for sanctions for failing to adequately prepare the corporate representative. At no time during our March 19, 2019 letter did Defendants' counsel represent that she was unwilling to negotiate beyond the terms contained in her March 18, 2019 letter.

17. On March 20, 2019, I sent Defendants' counsel a letter proposing terms for the Rule 30(b)(6) deposition that narrowed all topics even further based on our discussion from March 19, 2019, accepted all BPPNA's stipulations from its March 5, 2019 letter, and invited further discussions on four distinct topics that remained unsettled specifically because of testimony provided by Daniel Barry.

18. On March 21, 2019, I called Defendants' counsel twice and left a voicemail both times to follow up on my March 20, 2019 letter. Defendants' counsel never called me back. I received a letter from Defendants' counsel on March 21, 2019 that does not address the topics indicated in my March 20, 2019 letter and instead attempts to re-characterize the progress of the parties' meet and confer from the previous two months.

19. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 25 th day of March 2018.

Kelley S. Gordon

Kelley S. Gordon