SegalMcCambridge
Segal McCambridge Singer & Mahoney

Austin | Chicago | Detroit | Houston | Jersey City | New York | Philadelphia | St. Louis
www.smsm.com

**Joseph L. Kish**
Direct (312) 644.3538
jkish@smsm.com
*Also admitted in CA*

February 5, 2019

**DELIVERED VIA ELECTRONIC MAIL**
Katherine Mendez
Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
KMendez@seyfarth.com

**Re: Ragan v. BP Products North America, Inc., et al.,**
**Case No. 1:17-cv-09208**

Dear Ms. Mendez:

This letter is being sent in response to BP Products North America, Inc.'s (BP) Responses and Objections to Plaintiff's Rule 30(b)(6) deposition notice, that needs to be discussed in person or by phone pursuant to Local Rule 37.2.

BP's Responses and Objections generally claims that Plaintiff's Rule 30(b)(6) notice is "duplicative" of other discovery and does not "describe with reasonable particularity the matters for examination." Responses and Objections, p. 2. BP concludes that "BP cannot be expected to prepare *a* witness to testify to twenty five different broad areas for examination." Responses and Objections, p. 3 (emphasis added). These statements are baseless for a number of reasons.

Rule 30(b)(6) "imposes a duty upon the named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000). An entity is not limited to designating "a" witness as BP's Responses and Objections implies, but rather is required to designate "additional parties to satisfy a 30(b)(6) notice." *Id.*

Similarly, a designated 30(b)(6) deponent is not "duplicative" of other deposition testimony that has occurred to date or duplicative of the other individuals' anticipated deposition testimony. A 30(b)(6) deponent is not testifying as to their own personal knowledge or opinions, but is rather "speaking for the corporation, giving the corporation's position on the topic." *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *8. (internal quotation omitted). In fact, at Mr. Barry's deposition, we discussed that upon receipt of Plaintiff's 30(b)(6)

**Exhibit B**

notice you would inform our office which of the upcoming deponents would also testify on behalf of BP when they appeared for their previously noticed individual depositions and upon which topics. That never happened. Had this occurred, it would have likely obviated the need to produce some of the individuals twice, once individually and once as a 30(b)(6) deponent.

BP's Responses and Objections relies consistently on its "duplicative" argument, implying that Plaintiff's noticed topics here are "intrusive" by quoting from *Smithkline Beecham Corp. v. Apotex Corp.* But there, the defendant requested testimony regarding "[plaintiff's] responses to Defendants' Interrogatories and requests for production, along with the subjects identified therein." *Id.* at *9. The Court found this request to be duplicative and intrusive because parties generally know interrogatory responses and request for production responses are prepared with assistance of counsel, which raised privilege concerns. *Id.* That is not the case here. BP's Responses and Objections do not raise privilege concerns and its reliance on the "intrusive" nature found in *Smithkline* is entirely misplaced.

Similarly, the court in *Smithkline* found the defendant's topic request for testimony "on the factual basis of [plaintiff's] claim that Defendants infringed [plaintiff's patent]" was duplicative of an interrogatory seeking the exact same information. *Id.* at *10. This is not the case here either. Plaintiff's 30(b)(6) notice in this matter does not replicate Plaintiff's written discovery requests the way the defendant's notice did in *Smithkline*.

Furthermore, BP's claim that the noticed topics are duplicative of deposition testimony is entirely without any merit. The purpose of a 30(b)(6) deposition is to prevent a corporation from "bandying, the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity." *Id.* at *8. The individuals deposed thus far have consistently disclaimed knowledge of facts known by other individuals at BP. Plaintiff's 30(b)(6) notice serves to discover information of which the deponents to this point have denied knowledge.

We are not trying to unnecessarily burden defendants here but seek discoverable information to which Ms. Ragan is entitled from BP. If BP will stipulate that the deposition testimony of Daniel Barry, Zach Scott, Teresa Lopez, Sean Reavis, Donna Weimer, Stephanie Curulewski, Beth Cook, Carey Mendes, and Jim Bordignon are testimony on behalf of the individuals as well as corporate representatives and that BP will not call corporate representative witnesses at trial to rebut or clarify deposition testimony responses of "I don't know", then Plaintiff will withdraw her 30(b)(6) notice of deposition.

Pursuant to Local Rule 37.2, please respond to this letter by 12:00pm tomorrow with your availability for a telephone conference to resolve these issues no later than February 8, 2019.

Sincerely,

Joseph L. Kish

Joseph L. Kish
KSG