**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Ragan,<br><br>Plaintiff/Counter Defendant,<br><br>vs.<br><br>BP Products North America, Inc.,<br>BP America, Inc.,<br><br>Defendants/Counter Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-cv-09208<br><br>Honorable Marvin E. Aspen<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

Defendants, BP Products North America Inc. ("BP") and BP America Inc. (collectively "Defendants"), submit their Objections and Responses to Plaintiff Kathleen Ragan's Notice of Rule 30(b)(6) Deposition of BP Products North America, Inc. ("Notice").

**RESPONSES AND OBJECTIONS**

BP Products North America Inc. hired Kathleen Ragan in June 2015 as an Emissions Trader in its Global Environmental Products Group. Ragan's signed offer letter described her compensation in the form of salary, bonus (part of which could be awarded as a deferred bonus), and restricted stock units. The offer letter set forth that Ragan's deferred bonus and restricted stock units would be subject to their respective plans, both of which allow for gradual vesting of stock. The plans also require that an employee forfeit any unvested stock if employment is terminated for conduct or performance. Approximately 18 months after she was hired, BP terminated Ragan's employment after a history of repeated failures to adhere to BP's compliance policies and for poor judgment. Accordingly, BP's position in this case is that it terminated Ragan's employment due to her performance and conduct, and as a result, Ragan forfeited her unvested stock.

**Exhibit C**

In discovery in this case, Ragan has requested via interrogatories and document requests, specific information regarding the formulation of Ragan's compensation, the human resources and compliance policies that BP alleges Ragan violated, and the reasons for Ragan's termination. BP has provided detailed written responses to these requests and has produced over 2,600 pages of responsive documents. Ragan has also noticed *nine* witness depositions, of which four have been taken to date, in addition to Ragan's own deposition.

In her Rule 30(b)(6) deposition notice, Ragan seeks further discovery regarding her recruitment and compensation, BP's policies, and BP's stock plans. This information is largely duplicative of that which she has already obtained from BP in discovery (both written and oral) or that which Ragan knows will be obtained from the five remaining depositions still to be taken in this case. The deposed witnesses (including Ragan) have testified in detail to many (if not all) of the topics now sought in Ragan's 30(b)(6) deposition notice and the remaining witnesses will likely testify to these same subjects. Suffice it to say, Ragan is well aware of the formulation for her compensation, the policies BP believes Ragan violated, and BP's reasons for her termination. Ragan may disagree with these reasons, but additional discovery over these matters is duplicative and wholly unnecessary. In sum, the 30(b)(6) deposition is redundant and a waste of the parties' resources.

Further frustrating this process, most of the matters designated for the 30(b)(6) deposition do not comply with the requirement that Ragan describe with reasonable particularity the matters for examination. Instead, Ragan has described overly broad subjects for examination, such as the "Trader and Originator Bonus Plan," a document that covers a multitude of separate detailed provisions; and "how bonus pools were determined," a subject that arguably covers thousands of employees throughout the company. Without reasonable particularity as to these matters, BP

cannot be expected to prepare a witness to testify to twenty five different broad areas for examination. These and additional objections to the matters noticed for examination are described in more detail below.

**1. The recruitment of Kathleen Ragan to join BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that it seeks information that is not relevant to any party's claim or defense; this matter for examination goes far beyond the compensation that is the basis of the Complaint. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr. v. UChicago Argonne LLC*, No. 13-cv-05479, 2015 U.S. Dist. LEXIS 4131, at *6-8 (N.D. Ill. Jan. 13, 2015) ("This topic is vague, ambiguous, and not specific enough to allow Argonne to prepare a witness to testify about it adequately. . . . Topic 7 is too broad and non-specific to permit Argonne to prepare a witness properly."). Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that Defendant BP Products North America Inc. has already provided in numerous formats, including documents produced in response to Plaintiff's Request for Production No. 2, which asked for all documents relating to the recruitment of Kathleen Ragan. Additionally, Plaintiff has already received this information in prior witness depositions (*e.g.*, Kathleen Ragan's, Dan Barry's and Zach Scott's depositions) and likely will receive it in remaining noticed fact witness depositions. *See SmithKline Beecham Corp. v. Apotex Corp*., No. 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *28-29 (N.D. Ill Jan. 21, 2000) ("Defendants have also failed to convince us that the factual information they seek [in connection with this Rule 30(b)(6)

deposition notice topic] has not already been produced, or that it cannot be discovered through a less invasive method.").

**2. The formulation of the compensation offered to Kathleen Ragan to join BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that Defendant BP Products North America Inc. has already provided in numerous formats, including documents produced in response to Plaintiff's Request for Production No. 2, which included all documents discussing the formulation of Plaintiff's compensation. Additionally, Plaintiff has already received this information in prior witness depositions (*e.g.*, Dan Barry's and Zach Scott's depositions) and likely will receive it in remaining noticed fact witness depositions. *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *28-29 (N.D. Ill Jan. 21, 2000) ("Defendants have also failed to convince us that the factual information they seek [in connection with this Rule 30(b)(6) deposition notice topic] has not already been produced, or that it cannot be discovered through a less invasive method.").

**3. BP Products North America, Inc.'s Code of Conduct policies and their application.**

**Response:** Defendants object to this matter for examination on the grounds that the phrases "policies" and "their application" are undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131 at *6-8; *see also Menuel v. Hertz Corp.*, No. 1:07-cv-3031, 2009 U.S. Dist. LEXIS 137423, at *20-21 (N.D. Ga. Dec. 8, 2009) (finding that Rule 30(b)(6) topics about personnel policies were only appropriate if they were narrowed to specific provisions of the policies).

Defendants further object to this topic on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 2, which asked it to describe all actions by Ragan during her employment that violated the Code of Conduct, all actions by it in response to each instance, and all individuals involved in its action. Additionally, Defendant BP Products North America Inc. has already produced a copy of the Code of Conduct and produced numerous documents in response to Plaintiff's Request for Production No. 47, which asked for all documents related to Kathleen Ragan's violation of any portion of the Code of Conduct. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**4. BP Products North America, Inc.'s compliance policies and their application.**

**Response:** Defendants object to this matter for examination on the grounds that the phrases "policies" and "their application" are undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131 at *6-8; *Menuel*, 2009 U.S. Dist. LEXIS 137423 at *20-21. Defendants further object to this topic on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 3, which asked it to describe all actions by Ragan during her employment that violated its policies, all actions by it in response to each instance, and all individuals involved in its actions. Additionally, Defendant BP Products North America Inc. has already produced numerous documents in response to

Plaintiff's Request for Production No. 4, which asked for all documents relating to BP's disciplinary policies; Request for Production No. 7, which asked for all documents relating to BP's employee termination policies; and Request for Production No. 46, which asked for all documents related to Kathleen Ragan's violation of any compliance code. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.,* Dan Barry's deposition and Kathleen Ragan's deposition) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**5. BP Products North America, Inc.'s human resource policies regarding sexual harassment and inappropriate conduct.**

**Response:** Defendants object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131 at *6-8; *Menuel*, 2009 U.S. Dist. LEXIS 137423 at *20-21. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative, as Defendant BP Products North America Inc. has already produced such policies (see the Code of Conduct). Moreover, this matter for examination is unreasonably duplicative of information Plaintiff likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**6. BP Products North America, Inc.'s employee handbook.**

**Response:** Defendants object to this matter for examination on the grounds that it is vague and ambiguous. Defendant BP Products North America Inc. does not have an employee handbook. Defendants further object to this matter for examination on the grounds that it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the matter for

examination with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8; *Menuel*, 2009 U.S. Dist. LEXIS 137423 at *20-21. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and is not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 3, which asked it to describe all actions by Ragan during her employment that violated its policies, all actions by it in response to each instance, and all individuals involved in its actions. Additionally, Defendant BP Products North America Inc. has already produced numerous documents in response to Plaintiff's Request for Production No. 4, which asked for all documents relating to BP's disciplinary policies, and Request for Production No. 7, which asked for all documents relating to BP's employee termination policies.

**7. BP Products North America, Inc.'s IST Global Trading Guidelines and Requirement policies and their application.**

**Response:** Defendants object to this matter for examination on the grounds that the phrases "policies" and "their application" are undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131 at *6-8 (N.D. Ill. Jan. 13, 2015); *Menuel*, 2009 U.S. Dist. LEXIS 137423 at *20-21. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 4, which asked it to describe all actions by Ragan during her employment that violated its trading guidelines, all actions by it in response to each instance, and

all individuals involved in its actions. Additionally, Defendant BP Products North America Inc. has already produced its IST Global Trading Guidelines and Requirements. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Kathleen Ragan's deposition) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**8. BP Products North America, Inc.'s conflict of interest policies and their application.**

**Response:** Defendants object to this matter for examination on the grounds that the phrases "policies" and "their application" are undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 3, which asked it to describe all actions by Ragan during her employment that violated its policies, all actions by it in response to each instance, and all individuals involved in its actions. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Kathleen Ragan's deposition) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**9. BP Products North America, Inc.'s IST Deferred Annual Bonus Plan.**

**Response:** Defendants object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is vague and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area

of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided. Defendant BP Products North America Inc. has already produced the IST Deferred Annual Bonus Plan Prospectus and Rules. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**10. BP Products North America, Inc.'s Trader and Originator Bonus Plan.**

**Response:** Defendants object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is vague and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided. Defendant BP Products North America Inc. has already produced the Trader and Originator Bonus Plan. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**11. BP Products North America, Inc.'s recorded telephone lines during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination on the grounds that it is vague and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See*

*Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided. For example, Defendant BP Products North America Inc. explained in response to Plaintiff's Request for Production No. 8, which requested all recorded conversations relating to the termination of Kathleen Ragan, that it was not aware of the existence of any recorded conversations relating to the termination of Kathleen Ragan and that it does not believe that any such recordings ever existed. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Teresa Lopez's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**12. BP Products North America, Inc.'s policies on recording telephone calls during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination on the grounds that it is vague and ambiguous. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided. Defendant BP Products North America Inc. explained in response to Plaintiff's Request for Production No. 8, which requested all recorded conversations relating to the termination of Kathleen Ragan, that it was not aware of the existence of any recorded conversations relating to the termination of Kathleen Ragan and that it does not believe that any such recordings ever existed. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Teresa Lopez's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**13. How bonus pools were determined during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been or will be provided. For example, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Zach Scott's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**14. How individual bonuses were determined during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6-8. Defendants further object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been or will be provided. For example, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry's and Zach Scott's depositions) and likely will receive in remaining

noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**15. How severance offerings were determined during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *8 ("This topic seems to be untethered to the issues involved in this lawsuit."). Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See id.* at *6 ("This topic is . . . not specific enough to allow Argonne to prepare a witness to testify about it adequately."). Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case.

**16. What constitutes a for cause termination both generally and specifically in the roles occupied by Kathleen Ragan while employed with BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that the phrase "both generally and specifically" is undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is overly broad and fails to describe the area of inquiry with reasonable particularity. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *6 ("This topic is . . . not specific enough to allow Argonne to prepare a witness to testify about it adequately."). Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 3, which asked it to describe all actions by Ragan during her employment that violated its policies, all actions by it in response to each

instance, and all individuals involved in its actions. Additionally, Defendant BP Products North America Inc. has already produced numerous documents in response to Plaintiff's Request for Production No. 4, which asked for all documents relating to BP's disciplinary policies, and Request for Production No. 7, which asked for all documents relating to BP's employee termination policies. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff likely will receive in remaining noticed fact witness depositions.

**17. What currently constitutes, and what constituted a hard breach and soft breach of delegation of authorities during Kathleen Ragan's employment, and the resulting adverse employment repercussions associated with each.**

**Response:** Defendants object to this matter for examination on the grounds that the phrase "adverse employment repercussions" is undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been or will be provided. For example, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Kathleen Ragan's, Dan Barry's and Teresa Lopez's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29. Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 3, which asked it to describe all actions by Ragan during her employment that violated its policies, all actions by it in response to each instance, and all individuals involved in its actions.

**18. The process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BP Products North America, Inc.'s disciplinary policies during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination on the grounds that the phrases "process," "adverse employment action," "application," and "disciplinary policies" are vague and ambiguous. Defendants further object to this matter for examination on the grounds that it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of the case. *See Menuel*, 2009 U.S. Dist. LEXIS 137423 at *20-21. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been or will be provided. For example, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**19. The performance of BP Products North America, Inc.'s carbon book during Kathleen Ragan's employment.**

**Response:** Defendants object to this matter for examination on the grounds that the phrase "performance" is undefined, vague, and ambiguous. Defendants further object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 14, which asked it to describe the overall performance of the carbon book

during Kathleen Ragan's employment. Additionally, Defendant BP Products North America Inc. has already produced an Excel spreadsheet tiled "US emissions MTD/YTD by month," which shows the profits and losses for the carbon book during Ms. Ragan's employment. Moreover, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Kathleen Ragan's and Dan Barry's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**20. Bonus awards for the Global Environmental Products Group team members from 2014 through 2018.**

**Response:** Defendants object to this matter for examination on the grounds that the phrase "bonus awards" is undefined, vague, and ambiguous. Defendants further object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense. Defendants further object to this matter for examination on the grounds that it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided information about this matter for examination in its answer to Plaintiff's Interrogatory No. 15, which asked it to describe all individuals from the Global Environmental Products Group that received bonuses for the years 2014 through 2018 and to identify the total amount of the bonus, whether any portion of the bonus was deferred, and whether any portion of the bonus was cash. Additionally, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Dan Barry, Zach Scott, and Sean Reavis) and likely will receive in remaining

noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**21. Demands for the return of Kathleen Ragan's $200,000.00 sign-on payment made by BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that the term "demands" is undefined, vague, and ambiguous. Defendants further object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 17, which asked it to describe all demands it made for repayment of the $200,000 sign-on payment before this lawsuit was initiated and to identify all documents evidencing such demands. Moreover, Defendant BP Products North America Inc. has already provided information about this matter for examination in its response to Plaintiff's Request for Production No. 15, which asked for all documents relating to BP's demand for the return of the $200,000 sign-on payment. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**22. BP Products North America, Inc.'s investigation and recommendations resulting from the investigation into Kathleen Ragan's ownership of Clean Energy Fuels Corp. stock.**

**Response:** Defendants object to this topic on the grounds that the phrases "investigation" and "recommendations resulting" are undefined, vague, and ambiguous. Defendants further object to this topic on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 6, which asked it to describe all findings and conclusions it reached as a result of its investigation in to Kathleen Ragan's share ownership of Clean Energy Fuels. Moreover,

Defendant BP Products North America Inc. has already provided information about this matter for examination in its response to Plaintiff's Request for Production No. 17, which asked for all documents relating to the investigation into Kathleen Ragan's ownership of Clean Energy Fuels. Additionally, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior witness depositions (*e.g.*, Kathleen Ragan's and Dan Barry's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**23. Kathleen Ragan's alleged breaches of delegations of authority during her employment with BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that the phrase "alleged breaches" is undefined, vague, and ambiguous. Defendants object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous formats. For example, Defendant BP Products North America Inc. has already provided information on this matter for examination in its extensive answer to Plaintiff's Interrogatory No. 19, which asked it to describe why Kathleen Ragan was moved from a trading position to a marketing position in 2016. Additionally, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior fact witness depositions (*e.g.*, Kathleen Ragan's and Dan Barry's depositions) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**24. The alleged grounds for Kathleen Ragan's termination from BP Products North America, Inc.**

**Response:** Defendants object to this matter for examination on the grounds that it is unnecessarily duplicative and seeks information that has already been provided in numerous

formats. For example, Defendant BP Products North America Inc. has already provided an extensive answer to Plaintiff's Interrogatory No. 1, which asked it to describe all bases on which it terminated Kathleen Ragan and to identify all facts and documents that evidence or support each basis. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29 (in ruling on a motion to compel a Rule 30(b)(6) deposition, recognizing that party that noticed the deposition "could readily have obtained the same information in a more efficient manner by propounding 'standard' interrogatories upon its opponent"); *see also EEOC v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 U.S. Dist. LEXIS 361, at *19-20 (N.D. Ill. Jan. 2, 2013) ("Source One has not identified any facts other than those that likely will be set forth in the EEOC's supplemental answers to interrogatories that Source One would obtain from a 30(b)(6) deposition"). Moreover, Defendant BP Products North America Inc. has already produced numerous documents in response to Plaintiff's Request for Production No. 9, which asked for all documents relating to the termination of Kathleen Ragan, and in response to Plaintiff's Request for Production No. 45, which asked for all documents related to BP's investigation into grounds for terminating Kathleen Ragan. Additionally, this matter for examination is unreasonably duplicative of information Plaintiff has already received in prior fact witness depositions (*e.g.*, Dan Barry's deposition) and likely will receive in remaining noticed fact witness depositions. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *28-29.

**25. BP Products North America, Inc.'s documents produced in response to Kathleen Ragan's discovery requests, the process used to search for responsive documents, whether any responsive documents are missing from BP Products North America, Inc.'s production, whether any responsive documents are no longer in the possession of BP Products North America, Inc., and whether any responsive documents were previously destroyed.**

**Response:** Defendants object to this matter for examination on the grounds that it is overly broad and unduly burdensome; indeed, complying with this matter for examination would

require Defendants to have one or more witnesses study the vast number of documents that BP Products North America Inc. has produced in this case, which is something they are not required to do. *See SmithKline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at * 26-27 ("Topic 2 of the Rule 30(b)(6) requested SmithKline designate a witness to testify regarding 'SmithKline's responses to Defendants' . . . requests for production, along with the subjects identified therein.' . . . the Federal Rules . . . preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden."). Defendants further object to this matter for examination to the extent it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case; indeed, this request amounts to nothing more than discovery over discovery itself. Defendants further object to this matter for examination to the extent that it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. *See id.* at *28 ("As Defendants are aware, answering requests for production . . . customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses intro areas of work product and attorney-client privilege.").

**DATED: January 31, 2018**

Respectfully submitted,

BP PRODUCTS NORTH AMERICA INC. &
BP PRODUCTS AMERICA INC.

By: s/ *Katherine Mendez*
One of Its Attorneys

Katherine F. Mendez
kmendez@seyfarth.com
Ashley K. Laken
alaken@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

On January 31, 2019 the undersigned attorney caused the foregoing Defendants' Responses and Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition to be served upon all counsel listed below via electronic mail to the addresses listed below.

Joseph L. Kish — jkish@smsm.com

Kelley S. Gordon — ksgordon@smsm.com

s/ Katherine Mendez
Katherine Mendez