**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kathleen Ragan, | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) |
| vs. | ) Civil Action No.17-cv-09208 |
| | ) |
| BP Products North America, Inc., | ) Honorable Marvin E. Aspen |
| BP America, Inc., | ) |
| | ) |
| Defendants/Counter Plaintiffs | ) Jury Trial Demanded |

**AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF BP PRODUCTS NORTH AMERICA, INC.**

TO:

| Katherine Mendez | Ashley Laken |
|---|---|
| Seyfarth Shaw LLP | Seyfarth Shaw LLP |
| 233 S. Wacker Drive | 233 S. Wacker Drive |
| Suite 8000 | Suite 8000 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| kmendez@seyfarth.com | alaken@seyfarth.com |

PLEASE TAKE NOTICE that on **February 21, 2019 at 10:00 AM** pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff/Counter Defendant, by and through her attorneys, Segal McCambridge Singer & Mahoney, Ltd., shall take the deposition upon oral examination of the designated representative(s) of **BP Products North America, Inc.** at the office of Segal McCambridge Singer & Mahoney, Ltd., 233 South Wacker Drive, Suite 5500, Chicago, Illinois 60606. The testimony shall be recorded by stenographic means before a duly certified court reporter, a notary public, or other person authorized by law to administer oaths.

Pursuant to Rule 30(b)(6), BP Products North America, Inc. is requested to identify and make available for deposition those officers, directors, managing agents or other persons who



**Exhibit D**

consent to testify on its behalf with respect to matters known or reasonably available to it with respect to the following matters:

1. The recruitment of Kathleen Ragan to join BP Products North America, Inc.;

2. The formulation of the compensation offered to Kathleen Ragan to join BP Products North America, Inc.;

3. BP Products North America, Inc.'s Code of Conduct policies that BP Products North America, Inc. believes Kathleen Ragan violated during her employment and their application to BP Products North America, Inc.'s employees;

4. BP Products North America, Inc.'s compliance policies that BP Products North America, Inc. believes Kathleen Ragan violated during her employment and their application;

5. BP Products North America, Inc.'s human resource policies regarding sexual harassment and inappropriate conduct that BP Products North America, Inc. believes Kathleen Ragan violated during her employment and their application to BP Products North America, Inc.'s employees;

6. Why BP Products North America, Inc. does not have an employee handbook;

7. BP Products North America, Inc.'s IST Global Trading Guidelines and Requirement policies that BP Products North America, Inc. believes Kathleen Ragan violated during her employment and their application to BP Products North America Inc.'s employees;

8. BP Products North America, Inc.'s conflict of interest policies that BP Products North America, Inc. believes Kathleen Ragan violated during her employment and their application to BP Products North America Inc's employees;

9. BP Products North America, Inc.'s IST Deferred Annual Bonus Plan and its application to Kathleen Ragan;

10. BP Products North America, Inc.'s Trader and Originator Bonus Plan and its application to Kathleen Ragan;

11. BP Products North America, Inc.'s recorded telephone lines during Kathleen Ragan's employment;

12. BP Products North America, Inc.'s policies on recording telephone calls during Kathleen Ragan's employment;

13. How bonus pools for the Global Environmental Products group were determined during Kathleen Ragan's employment;

14. How individual bonuses for the Global Environmental Products group were determined during Kathleen Ragan's employment;

15. How severance offerings for the Global Environmental Products group were determined during Kathleen Ragan's employment;

16. What constitutes a for cause termination both generally and specifically in the roles occupied by Kathleen Ragan while employed with BP Products North America, Inc.;

17. What currently constitutes, and what constituted a hard breach and soft breach of delegation of authorities for those in the Global Environmental Products group during Kathleen Ragan's employment, and the resulting adverse employment repercussions associated with each;

18. The process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BP Products North America, Inc.'s disciplinary policies during Kathleen Ragan's employment;

19. The performance of BP Products North America, Inc.'s carbon book during Kathleen Ragan's employment;

20. Bonus awards for the Global Environmental Products Group team members from 2015 through 2017;

21. BP Products North America, Inc.'s investigation and recommendations resulting from the investigation into Kathleen Ragan's ownership of Clean Energy Fuels Corp. stock;

22. Kathleen Ragan's alleged breaches of delegations of authority during her employment with BP Products North America, Inc.;

23. The alleged grounds for Kathleen Ragan's termination from BP Products North America, Inc.

Dated: February 14, 2019

Respectfully submitted,
Kathleen Ragan

By: Kelley S. Gordon
Attorney for Plaintiff/Counter-Defendant

Joseph L. Kish – jkish@smsm.com
Kelley S. Gordon – ksgordon@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on February 14, 2019 the undersigned attorney caused the **Amended Notice of Rule 30(b)(6) Deposition** to be served upon all counsel listed below via electronic mail to the addresses listed below.

Katherine J. Mendez – kmendez@seyfarth.com
Ashley K. Laken – alaken@seyfarth.com

Kelley S. Gordon