SEYFARTH SHAW

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5570

Writer's e-mail
alaken@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

February 15, 2019

**VIA ELECTRONIC MAIL**

Kelley S. Gordon
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60661
ksgordon@SMSM.com

**Re: Kathleen Ragan v. BP Products North America Inc. et al.**
**Case No. 1:17-cv-09208 (U.S.D.C. N.D. Ill.)**

Dear Ms. Gordon:

This letter is in follow-up to our meet and confer on February 12, 2019 to discuss Ms. Ragan's Notice of Rule 30(b)(6) Deposition of BP Products North America Inc. ("BPPNA"), and also in response to your Amended Rule 30(b)(6) Notice received on February 14, 2019.

We have had a chance to speak with our client, and below please find a summary of where we believe things stand with respect to each of the topics identified in the Amended Rule 30(b)(6) Notice. Also, we are not available on February 21, 2019, but we are looking at dates between February 27, 2019 and March 8, 2019 and will get back to you with potential dates as soon as possible.

- **Topic 1 (The recruitment of Kathleen Ragan to join BPPNA):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to why Ms. Ragan was being recruited, the process of that recruitment, why she was offered the job, and what was discussed with Ms. Ragan during that recruitment. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about why Ms. Ragan was being recruited, the process of that recruitment, why she was offered the job. With respect to what was discussed with Ms. Ragan during that recruitment, BPPNA believes that it may be able to agree that Dan Barry's, Zach Scott's, Stephanie Curulewski's, and Beth Cook's prior deposition testimony on that topic is binding on BPPNA; however, we are still awaiting some of their deposition transcripts and we will get back to you on this point as soon as possible.

**Exhibit E**

SEYFARTH SHAW

- **Topic 2 (The formulation of the compensation offered to Kathleen Ragan to join BPPNA):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to the formulation of Ms. Ragan's job offer, including her salary, bonus, stock, and the reason Ms. Ragan was offered what she was offered/how BPPNA came to the determination of what she was offered. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about these topics. To the extent you are looking for someone to testify on behalf of BPPNA as to what was discussed with Ms. Ragan regarding the formulation of the compensation that was offered to her to join BPPNA, BPPNA believes that it may be able to agree that Dan Barry's, Zach Scott's, Stephanie Curulewski's, and Beth Cook's prior deposition testimony on that topic is binding on BPPNA; however, we are still awaiting some of their deposition transcripts and we will get back to you on this point as soon as possible.

- **Topics 3-4 (BPPNA's Code of Conduct policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees; BPPNA's compliance policies that BPPNA believes Kathleen Ragan violated during her employment and their application):** we spoke with our client, and BPPNA believes that it may be able to agree that certain prior fact witnesses' deposition testimony on these topics is binding on BPPNA; however, we are still awaiting some of the deposition transcripts and we will get back to you on this point as soon as possible.

- **Topic 5 (BPPNA's human resource policies regarding sexual harassment and inappropriate conduct that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to human resource policies regarding sexual harassment and inappropriate conduct that BPPNA believes Ms. Ragan violated, and the application of those policies to BPPNA's employees. We spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about human resource policies regarding sexual harassment and inappropriate conduct that BPPNA believes Ms. Ragan violated and the application of those policies to employees who were in the Global Environmental Products ("GEP") group during Ms. Ragan's employment.

- **Topic 6 (BPPNA's employee handbook):** during our meet and confer, we confirmed for you that there is no employee handbook, and it was our understanding that you would be withdrawing this topic as a result. However, in your amended Rule 30(b)(6) notice you have amended this topic to "Why BPPNA does not have an employee handbook." We spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about why BPPNA does not have an employee handbook.

- **Topics 7 & 8 (BPPNA's IST Global Trading Guidelines and Requirement policies that BPPNA believes Kathleen Ragan violated during her employment**

SEYFARTH SHAW

**and their application to BPPNA's employees; BPPNA's conflict of interest policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** we spoke with our client, and BPPNA believes that it may be able to agree that certain prior fact witnesses' deposition testimony on these topics is binding on BPPNA; however, we are still awaiting some of the deposition transcripts and we will get back to you on this point as soon as possible.

- **Topics 9 & 10 (BPPNA's IST Deferred Annual Bonus Plan and its application to Kathleen Ragan; BPPNA's Trader and Originator Bonus Plan and its application to Kathleen Ragan):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown. We spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown (specifically, the second bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the third bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the answer to question 1. of the "Frequently Asked Questions and Answers about the Plan" in the IST Deferred Annual Bonus Plan Prospectus, and Section 5.3.2 and Appendix IV of the Trader and Originator Bonus Plan).

- **Topics 11 & 12 (BPPNA's recorded telephone lines during Kathleen Ragan's employment; BPPNA's policies on recording telephone calls during Kathleen Ragan's employment):** we spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about these topics.

- **Topics 13, 14, & 20 (How bonus pools for the Global Environmental Products group were determined during Kathleen Ragan's employment; How individual bonuses for the Global Environmental Products group were determined during Kathleen Ragan's employment; Bonus awards for the Global Environmental Products Group team members from 2015 through 2017):** we spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about how bonus pools were determined for the GEP group during Ms. Ragan's employment, how individual bonuses were determined for the GEP group during Ms. Ragan's employment, and bonus awards for the GEP group team members during Ms. Ragan's employment.

- **Topic 15 (How severance offerings for the Global Environmental Products group were determined during Kathleen Ragan's employment):** we spoke with

SEYFARTH SHAW

our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about how severance offerings were determined for the GEP group during Ms. Ragan's employment.

- **Topic 16 (What constitutes a for cause termination both generally and specifically in the roles occupied by Kathleen Ragan while employed with BPPNA):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to whether the violations Ms. Ragan committed constitute a for cause termination for someone in the roles occupied by Ms. Ragan while she was employed with BPPNA. We spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about whether the violations Ms. Ragan committed (alone or in the aggregate) constituted cause for termination for traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 17 (What currently constitutes, and what constituted a hard breach and soft breach of delegation of authorities for those in the Global Environmental Products group during Kathleen Ragan's employment, and the resulting adverse employment repercussions associated with each):** we spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about what constituted a hard breach and a soft breach of delegation of authorities for traders and originators in the GEP group during Ms. Ragan's employment, as well as the resulting adverse employment repercussions.

- **Topic 18 (The process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BPPNA's disciplinary policies during Kathleen Ragan's employment):** we spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about the process used to take an adverse employment action against traders and originators in the GEP group during Ms. Ragan's employment in response to any of the policies that Ms. Ragan violated and the application of that process to traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 19 (The performance of BPPNA's carbon book during Kathleen Ragan's employment):** we spoke with our client, and they are willing to agree to produce a Rule 30(b)(6) witness to testify about the performance of the U.S. portion of BPPNA's carbon book during Ms. Ragan's employment.

- **Topics 21-23 (BPPNA's investigation and recommendations resulting from the investigation into Kathleen Ragan's ownership of Clean Energy Fuels Corp. stock; Kathleen Ragan's alleged breaches of delegations of authority during her employment with BPPNA; The alleged grounds for Kathleen Ragan's termination from BPPNA):** we spoke with our client, and BPPNA believes that it may be able to agree that certain prior fact witnesses' deposition testimony on these

SEYFARTH SHAW

topics is binding on BPPNA; however, we are still awaiting some of the deposition transcripts and we will get back to you on this point as soon as possible.

Please don’t hesitate to reach out to me if you have any questions or would like to discuss.

Regards,

SEYFARTH SHAW LLP

Ashley K. Laken

cc: Joseph L. Kish
Katherine F. Mendez