SEYFARTH SHAW

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5215

Writer's e-mail
kmendez@seyfarth.com

WASHINGTON, D.C. | SYDNEY | SHANGHAI | SAN FRANCISCO | SACRAMENTO | NEW YORK | MELBOURNE | LOS ANGELES | LONDON | HOUSTON | CHICAGO | BOSTON | ATLANTA

March 5, 2019

**VIA ELECTRONIC MAIL**

Kelley S. Gordon
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60661
ksgordon@SMSM.com

**Re: Kathleen Ragan v. BP Products North America Inc. et al.**
**Case No. 1:17-cv-09208 (U.S.D.C. N.D. Ill.)**

Dear Ms. Gordon:

With respect to Ms. Ragan's Rule 30(b)(6) Deposition Notice of BP Products North America Inc. ("BPPNA"), we have had a chance to review all witness deposition transcripts. In considering prior witness testimony and our previous positions on this matter, here is what we believe the parties can agree upon for the 30(b)(6) deposition:

- **Topic 1 (The recruitment of Kathleen Ragan to join BPPNA):** in our meet and confer on February 12, 2019, you told us that you are looking for someone to testify on behalf of BPPNA as to why Ms. Ragan was being recruited, the process of that recruitment, why she was offered the job, and what was discussed with Ms. Ragan during that recruitment. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about why Ms. Ragan was being recruited, the process of that recruitment, and why she was offered the job. With respect to what was discussed with Ms. Ragan during her recruitment, BPPNA agrees that Dan Barry's, Zach Scott's, and Stephanie Curulewski's prior deposition testimony on that topic can be adopted as BPPNA's 30(b)(6) testimony.

- **Topic 2 (The formulation of the compensation offered to Kathleen Ragan to join BPPNA):** in our meet and confer on February 12, 2019, you told us that you are looking for someone to testify on behalf of BPPNA as to the formulation of Ms. Ragan's job offer, including her salary, bonus, stock, and the reason Ms. Ragan was offered what she was offered/how BPPNA came to the determination of what she was offered. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about these topics. To the extent you are looking for someone to testify on behalf of



**Exhibit G**

SEYFARTH SHAW

BPPNA as to what was discussed with Ms. Ragan regarding the formulation of the compensation that was offered to her to join BPPNA, BPPNA agrees that Dan Barry's and Zach Scott's prior deposition testimony on that topic can be adopted as BPPNA's 30(b)(6) testimony.

- **Topics 3-5 (BPPNA's Code of Conduct policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees; BPPNA's compliance policies that BPPNA believes Kathleen Ragan violated during her employment and their application; BPPNA's human resource policies regarding sexual harassment and inappropriate conduct that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to the Code of Conduct policies, compliance policies, and human resources policies regarding sexual harassment and inappropriate conduct that BPPNA believes Ms. Ragan violated, and the application of those policies to BPPNA's employees. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about the application of these policies to traders and originators in the Global Environmental Products ("GEP") group during Ms. Ragan's employment. To the extent that you are looking for someone to testify on behalf of BPPNA as to Ms. Ragan's violation of these policies during her employment, BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

- **Topic 6 (Why BPPNA does not have an employee handbook):** BPPNA will produce a Rule 30(b)(6) witness to testify about why BPPNA does not have an employee handbook.

- **Topics 7 & 8 (BPPNA's IST Global Trading Guidelines and Requirement policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees; BPPNA's conflict of interest policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** it is our understanding that you are looking for someone to testify on behalf of BPPNA as to the IST Global Trading Guidelines and the conflict of interest policies that Ms. Ragan violated and how they have been applied to BPPNA's employees. BPPNA is willing to produce a Rule 30(b)(6) witness to testify about the application of these policies to traders and originators in the GEP group during Ms. Ragan's employment. To the extent that you are looking for someone to testify on behalf of BPPNA as to the Ms. Ragan's violation of these policies during her employment, BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

- **Topics 9 & 10 (BPPNA's IST Deferred Annual Bonus Plan and its application to Kathleen Ragan; BPPNA's Trader and Originator Bonus Plan and its application to Kathleen Ragan):** in our meet and confer on February 12, 2019, you told us that you are looking for someone to testify on behalf of BPPNA as to how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown. BPPNA will produce a Rule 30(b)(6) witness to testify about how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown (specifically, the second bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the third bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the answer to question 1. of the "Frequently Asked Questions and Answers about the Plan" in the IST Deferred Annual Bonus Plan Prospectus, and Section 5.3.2 and Appendix IV of the Trader and Originator Bonus Plan).

- **Topics 11 & 12 (BPPNA's recorded telephone lines during Kathleen Ragan's employment; BPPNA's policies on recording telephone calls during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about these topics.

- **Topics 13, 14, & 20 (How bonus pools for the Global Environmental Products group were determined during Kathleen Ragan's employment; How individual bonuses for the Global Environmental Products group were determined during Kathleen Ragan's employment; Bonus awards for the Global Environmental Products Group team members from 2015 through 2017):** BPPNA will produce a Rule 30(b)(6) witness to testify about how bonus pools were determined for the GEP group during Ms. Ragan's employment, how individual bonuses were determined for traders and originators in the GEP group during Ms. Ragan's employment, and bonus awards for traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 15 (How severance offerings for the Global Environmental Products group were determined during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about how severance offerings were determined for traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 16 (What constitutes a for cause termination both generally and specifically in the roles occupied by Kathleen Ragan while employed with BPPNA):** in our meet and confer on February 12, 2019, you told us that you are looking for someone to testify on behalf of BPPNA as to each of the violations Ms.

Ragan committed and whether that constitutes a for cause termination for someone in the roles occupied by Ms. Ragan while she was employed with BPPNA. BPPNA will produce a Rule 30(b)(6) witness to testify about whether the violations Ms. Ragan committed (alone or in the aggregate) constituted cause for termination for traders and originators in the GEP group during Ms. Ragan's employment. With respect to testimony regarding Ms. Ragan's violations of BP policies and the reasons for her termination, BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

- **Topic 17 (What currently constitutes, and what constituted a hard breach and soft breach of delegation of authorities for those in the Global Environmental Products group during Kathleen Ragan's employment, and the resulting adverse employment repercussions associated with each):** BPPNA will produce a Rule 30(b)(6) witness to testify about what constituted a hard breach and a soft breach of delegation of authorities for traders and originators in the GEP group during Ms. Ragan's employment, as well as the resulting adverse employment repercussions. With respect to testimony regarding Ms. Ragan's hard breaches and soft breaches of her delegation of authorities during her employment and the resulting adverse employment repercussions associated with each, BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, and Beth Cook's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

- **Topic 18 (The process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BPPNA's disciplinary policies during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about the process used to take an adverse employment action against traders and originators in the GEP group during Ms. Ragan's employment in response to any of the policies that Ms. Ragan violated and the application of that process to traders and originators in the GEP group during Ms. Ragan's employment. With respect to testimony regarding adverse action taken against Ms. Ragan, BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

- **Topic 19 (The performance of BPPNA's carbon book during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about the performance of the U.S. portion of BPPNA's carbon book during Ms. Ragan's employment.

- **Topics 21-23 (BPPNA's investigation and recommendations resulting from the investigation into Kathleen Ragan's ownership of Clean Energy Fuels Corp.**

SEYFARTH SHAW

**stock; Kathleen Ragan's alleged breaches of delegations of authority during her employment with BPPNA; The alleged grounds for Kathleen Ragan's termination from BPPNA):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony.

Please don't hesitate to reach out to me if you have any questions or would like to discuss.

Regards,

SEYFARTH SHAW LLP

Katherine F. Mendez

cc: Joseph L. Kish
Ashley Laken