SEYFARTH SHAW

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

Writer's direct phone
(312) 460-5215

Writer's e-mail
kmendez@seyfarth.com

March 18, 2019

**VIA ELECTRONIC MAIL**

Kelley S. Gordon
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60661
ksgordon@SMSM.com

**Re: Kathleen Ragan v. BP Products North America Inc. et al.
Case No. 1:17-cv-09208 (U.S.D.C. N.D. Ill.)**

Dear Ms. Gordon:

We received your March 15 correspondence, and were surprised that despite BP's substantial efforts to come to an agreement on the topics for the 30(b)(6) deposition, you have simply re-issued Plaintiff's amended 30(b)(6) notice, essentially taking us back to square one.

We noted your frustration that BP delineated previous witness testimony for portions of topics, but not entire topics. Frankly, we assumed this was a compromise that benefitted Plaintiff as it still gave Plaintiff the opportunity to depose a 30(b)(6) witness with respect to subject matters within these topics. However, understanding your position, we agree it would be better to designate testimony for the entire topics. Therefore, BP will designate previous testimony as 30(b)(6) testimony for *entire* topics, as you suggested, which will remove those entire topics as 30(b)(6) deposition topics.

Please see our revisions to the topics below:

- **Topic 1 (The recruitment of Kathleen Ragan to join BPPNA):** BPPNA agrees that Dan Barry's, Zach Scott's, and Stephanie Curulewski's prior deposition testimony on this topic can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topic 2 (The formulation of the compensation offered to Kathleen Ragan to join BPPNA):** BPPNA agrees that Dan Barry's and Zach Scott's prior deposition testimony on this topic can be adopted as BPPNA's 30(b)(6) testimony.



**Exhibit I**

SEYFARTH SHAW

Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topics 3-5 (BPPNA's Code of Conduct policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees; BPPNA's compliance policies that BPPNA believes Kathleen Ragan violated during her employment and their application; BPPNA's human resource policies regarding sexual harassment and inappropriate conduct that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on these topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topic 6 (Why BPPNA does not have an employee handbook):** BPPNA will produce a Rule 30(b)(6) witness to testify about why BPPNA does not have an employee handbook.

- **Topics 7 & 8 (BPPNA's IST Global Trading Guidelines and Requirement policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees; BPPNA's conflict of interest policies that BPPNA believes Kathleen Ragan violated during her employment and their application to BPPNA's employees):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on these topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topics 9 & 10 (BPPNA's IST Deferred Annual Bonus Plan and its application to Kathleen Ragan; BPPNA's Trader and Originator Bonus Plan and its application to Kathleen Ragan):** in our meet and confer on February 12, 2019, you told us that you are looking for someone to testify on behalf of BPPNA as to how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown. BPPNA will produce a Rule 30(b)(6) witness to testify about how the IST Deferred Annual Bonus Plan and the Trader and Originator Bonus Plan applied to Ms. Ragan's bonuses, how the breakdown of her 2015 bonus was determined, how the plans were used in determining what her bonus would be, and the provisions of those plans that relate to that breakdown (specifically, the second bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the third bullet point under the Executive Summary of the IST Deferred Annual Bonus Plan Prospectus, the answer to question 1. of the "Frequently Asked Questions and Answers about the Plan" in the IST

SEYFARTH SHAW

Deferred Annual Bonus Plan Prospectus, and Section 5.3.2 and Appendix IV of the Trader and Originator Bonus Plan).

- **Topics 11 & 12 (BPPNA's recorded telephone lines during Kathleen Ragan's employment; BPPNA's policies on recording telephone calls during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about these topics.

- **Topics 13, 14, & 20 (How bonus pools for the Global Environmental Products group were determined during Kathleen Ragan's employment; How individual bonuses for the Global Environmental Products group were determined during Kathleen Ragan's employment; Bonus awards for the Global Environmental Products Group team members from 2015 through 2017):** BPPNA will produce a Rule 30(b)(6) witness to testify about how bonus pools were determined for the U.S. GEP group during Ms. Ragan's employment, how individual bonuses were determined for traders and originators in the U.S. GEP group during Ms. Ragan's employment, and bonus awards for traders and originators in the U.S. GEP group during Ms. Ragan's employment.

- **Topic 15 (How severance offerings for the Global Environmental Products group were determined during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about how severance offerings were determined for traders and originators in the U.S. GEP group during Ms. Ragan's employment.

- **Topic 16 (What constitutes a for cause termination both generally and specifically in the roles occupied by Kathleen Ragan while employed with BPPNA):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on these topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topic 17 (What currently constitutes, and what constituted a hard breach and soft breach of delegation of authorities for those in the Global Environmental Products group during Kathleen Ragan's employment, and the resulting adverse employment repercussions associated with each):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, and Beth Cook's testimony on these topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topic 18 (The process used to take an adverse employment action against an employee including, but not limited to written and verbal warnings, and the application of BPPNA's disciplinary policies during Kathleen Ragan's**

SEYFARTH SHAW

**employment):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

- **Topic 19 (The performance of BPPNA's carbon book during Kathleen Ragan's employment):** BPPNA will produce a Rule 30(b)(6) witness to testify about the performance of the U.S. portion of BPPNA's carbon book during Ms. Ragan's employment.

- **Topics 21-23 (BPPNA's investigation and recommendations resulting from the investigation into Kathleen Ragan's ownership of Clean Energy Fuels Corp. stock; Kathleen Ragan's alleged breaches of delegations of authority during her employment with BPPNA; The alleged grounds for Kathleen Ragan's termination from BPPNA):** BPPNA agrees that Dan Barry's, Carey Mendes', Stephanie Curulewski's, Donna Weimer's, Jim Bordignon's, Teresa Lopez's, Beth Cook's, and Zach Scott's testimony on those topics can be adopted as BPPNA's 30(b)(6) testimony. Accordingly, BP agrees that this topic is no longer a viable topic for its 30(b)(6) witness.

Please let us know your position on these topics by the end of the day today.

Regards,

SEYFARTH SHAW LLP

Katherine F. Mendez

cc: Joseph L. Kish
Ashley Laken