Segal McCambridge
Segal McCambridge Singer & Mahoney
Austin | Chicago | Detroit | Houston | Jersey City | New York | Philadelphia | St. Louis
www.smsm.com

**Kelley S. Gordon**
Direct (312) 644.4946
ksgordon@smsm.com

March 20, 2019

**DELIVERED VIA ELECTRONIC MAIL**
Katherine Mendez
Ashley Laken
Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
KMendez@seyfarth.com
ALaken@seyfarth.com

**Re: Ragan v. BP Products North America, Inc., et al., Case No. 1:17-cv-09208**

Dear Ms. Mendez:

This letter is sent in response to your March 5, 2019 letter, the Motion for Protective Order (ECF No. 44), and as a follow up to our telephone conversation yesterday.

During our telephone conversation yesterday, you represented that the examples contained in your March 5, 2019 letter for which BPPNA agreed to produce a witness under the noticed topics were just examples and not limitations. You further represented that should we reach an agreement on narrowed specifics of these topics, our questions would not be restricted during the deposition by way of those examples listed in your March 5, 2019 letter, provided they were not a topic BPPNA stipulated to. As I stated, this was not clear in your March 5, 2019 letter.

Considering this clarification and in an effort to resolve this discovery dispute, we can agree to the following in response to your March 5, 2019 letter:

- **Topic 1**: we accept that BPPNA will produce a Rule 30(b)(6) witness on this topic as well as BPPNA's stipulation as indicated in your March 5, 2019 letter.

- **Topic 2**: we accept that BPPNA will produce a Rule 30(b)(6) witness on this topic as well as BPPNA's stipulation as indicated in your March 5, 2019 letter.

**Exhibit J**

Case: 1:17-cv-09208 Document #: 48-12 Filed: 03/25/19 Page 2 of 3 PageID #:420

- **Topics 3-5**: we accept that BPPNA will produce a Rule 30(b)(6) witness to testify about the application of these policies to the traders and originators in the Global Environmental Products (GEP) group during Ms. Ragan's employment. We also accept BPPNA's stipulation on these topics as indicated in your March 5, 2019 letter.

- **Topic 6**: we accept that BPPNA will produce a Rule 30(b)(6) witness on this topic.

- **Topics 7-8**: We accept BPPNA's stipulation on these topics. We accept that BPPNA will produce a Rule 30(b)(6) witness on the application of these policies to the GEP group during Ms. Ragan's employment. We do not accept the limitation of testimony only to traders and originators, because Mr. Barry has testified that discussions related to Clean Energy were "bench base[d]" conversations. Mr. Barry's testimony implicates that this issue was due to Ms. Ragan's proximity to those "In-The-Know" on this project. This can arguably encompass any other individual in the GEP bench within proximity to those "In-The-Know." If you disagree and would like to further discuss this point, please let me know when you are available.

- **Topics 9-10**: we accept that BPPNA will produce a Rule 30(b)(6) witness on this topic.

- **Topics 11-12**: we accept that BPPNA will produce a Rule 30(b)(6) witness on this topic.

- **Topics 13, 14, and 20**: we accept that BPPNA will produce a Rule 30(b)(6) witness to testify about how bonus pools were determined for the GEP group during Ms. Ragan's employment, how individual bonuses were determined for traders and originators in the GEP group during Ms. Ragan's employment, and bonus awards for traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 15**: we accept that BPPNA will produce a Rule 30(b)(6) witness to testify about how severance offerings were determined for the GEP group during Ms. Ragan's employment, but not limited to traders and originators. BPPNA has asserted that Ms. Ragan's purported lack of judgment with respect to Clean Energy contributed to her termination. Mr. Barry has testified that discussions related to Clean Energy were "bench base[d]" conversations. Mr. Barry's testimony implicates that this issue was due to Ms. Ragan's proximity to those "In-The-Know" on this project. This can arguably encompass any other individual in the GEP bench within proximity to those "In-The-Know." If you disagree and would like to further discuss this point, please let me know when you are available.

- **Topic 16**: we accept that BPPNA will produce a Rule 30(b)(6) witness to testify about this topic as limited to the traders and originators in the GEP group during Ms. Ragan's employment.

- **Topic 18**: We accept BPPNA's stipulation on this topic as indicated in your March 5, 2019 letter and that BPPNA will produce a Rule 30(b)(6) witness as it relates to the GEP group, but not limited to traders and originators. BPPNA has asserted that Ms. Ragan's purported lack of judgment with respect to Clean Energy contributed to her termination.

Mr. Barry has testified that discussions related to Clean Energy were "bench base[d]" conversations. Mr. Barry's testimony implicates that this issue was due to Ms. Ragan's proximity to those "In-The-Know" on this project. This can arguably encompass any other individual in the GEP bench within proximity to those "In-The-Know." If you disagree and would like to further discuss this point, please let me know when you are available.

- **Topic 19**: We accept that BPPNA will produce a witness on this topic as indicated in your March 5, 2019 letter.

- **Topics 21-23**: We accept BPPNA's stipulations on these topics from your March 5, 2019 letter.

Please let me know if you agree with these limitations subject to your representation on our telephone call from yesterday that our questions are not limited to the examples contained in your March 15, 2019 letter. If so, we will provide you with an amended notice and prepare stipulations reflecting these agreements, subject to BP and BPPNA's withdrawal of their Motion for Protective Order.

Sincerely,

Kelley S. Gordon