SEYFARTH SHAW

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5215

Writer's e-mail
kmendez@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

March 21, 2019

**VIA ELECTRONIC MAIL**

Kelley S. Gordon
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60661
ksgordon@SMSM.com

**Re: Kathleen Ragan v. BP Products North America Inc. et al.**
**Case No. 1:17-cv-09208 (U.S.D.C. N.D. Ill.)**

Dear Ms. Gordon:

We received your March 20, 2019 correspondence. Your position ignores: (a) BP's March 18th proposal and the movement the parties made with respect to the 30(b)(6) deposition, and (b) the issues that are currently before the Court. As a reminder:

1. BP objected to Plaintiff's amended notice of deposition for multiple reasons, including (a) the over breadth of the matters for examination ("topics"), (b) the lack of reasonable particularity in the topics, and (c) the lack of proportionality relating to the needs of the case, especially in light of the number of depositions and amount of other discovery taken in this case.

2. Plaintiff requested that BP designate previous testimony as 30(b)(6) testimony. BP agreed and designated testimony for portions of the topics, but not entire topics.

3. Plaintiff rejected that proposal, adamantly stating that Plaintiff wanted BP to designate testimony for *entire* topics. In an effort to resolve this discovery dispute, and recognizing the duplicative nature of the testimony requested, BP agreed to that proposal.

4. Plaintiff then rejected BP's acceptance of Plaintiff's own proposal and re-issued its improper amended deposition notice. Now, after BP filed its motion for protective order, Plaintiff wants to revert back to an earlier, and rejected, proposal BP made *before* it understood that Plaintiff wanted testimony designated as 30(b)(6) testimony for entire topics.

Plaintiff wants BP to present a witness to testify to matters about which *multiple* witnesses have already testified, despite that Plaintiff requested, and BP agreed, to stipulate to testimony on

**Exhibit K**

SEYFARTH SHAW

these very matters. Essentially Plaintiff wants to restart discovery and take testimony on everything that already has been covered in the nine depositions. Plaintiff's position is unreasonable, especially in light of the parties willingness to agree to stipulate.

Additionally, your March 20th correspondence characterizes our March 19th telephone conference in a way that seems to suggest the purpose of the call was to confer over BP's March 5th correspondence. This is a complete misrepresentation of our call. I in no way represented that *going forward*, "should we reach an agreement on narrowed specifics of topics, Plaintiff's questions would not be restricted during the deposition by way of those examples listed in [BP's] March 5, 2019 letter." On our call, you had noted confusion in the way the March 5th correspondence delineated topics. My comment to you about BP's meaning in that letter was not a negotiation over the terms of that letter. It was merely an explanation of the meaning of the letter at that time. There was *no* indication by either party that our call was a negotiation over the terms of the March 5th letter, as though BP would accept those terms going forward.

At this point, we believe the parties have exhausted the requirement to meet and confer over the 30(b)(6) deposition. Indeed, this matter is already before the Court; accordingly, in agreement with the Court's briefing schedule on this issue, we consider the March 27th deposition cancelled until the Court rules on BP's motion.

Regards,

SEYFARTH SHAW LLP

Katherine F. Mendez

cc: Joseph L. Kish
Ashley Laken



55760204v.2