# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen Ragan, an individual. | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-09208** |
| | ) | |
| BP Products North America, Inc., | ) | |
| a Maryland corporation; | ) | Judge: Honorable Marvin E. Aspen |
| BP America, Inc., | ) | |
| a Delaware corporation; | ) | |
| | ) | Jury Trial Demanded |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S LOCAL RULE 56.1(a)(2) MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

# Table of Contents

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    Defendants waived their right to repayment of the $200,000 Sign-on Payment. ................ 1

    II.   Defendants' anticipated opposition has no basis in law. ..................................................... 3

CONCLUSION ................................................................................................................................ 5

**Cases**

*Ames v. Crown Life Ins. Co. of Toronto, Canada,* 85 Ill. App. 3d 203 (3d Dist. 1980) .................. 1

*Berg & Assoc., Inc. v. Nelsen Steel & Wire Co.,* 221 Ill. App. 3d 526 (1st Dist. 1991) ................. 4

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ........................................................................... 2

*Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133 (7th Cir. 2009) ........... 4, 5

*Elmore Real Estate Imp. Co. v. Olson,* 332 Ill. App. 475 (1st Dist. 1947) .................................... 1

*Geier v. Hamer Enter., Inc.,* 226 Ill. App. 3d 372 (1st Dist. 1992) ............................................... 4

*Hollman v. Putman,* 260 Ill. App. 3d 737 (3d Dist. 1994) ............................................................ 4

*Home Ins. Co. v. Cincinnati Ins. Co.,* 213 Ill. 2d 307 (Ill. 2004) .......................................... 1, 2, 3

*Milnes v. Hunt,* 311 Ill. App. 3d 977 (4th Dist. 2000) .................................................................. 4

*Pierce v. MacNeal Mem'l Hosp. Assoc.,* 46 Ill. App. 3d 42 (1st Dist. 1977) ............................... 2

*Saverslak v. Davis-Cleaver Produce Co.,* 606 F. 2d 208 (7th Cir. 1979) ..................................... 1

*Whalen v. K-Mart Corp.,* 166 Ill. App. 3d 339 (1st Dist. 1988) ................................................ 1, 3

**Statutes**

Fed. R. Civ. P. 56. ....................................................................................................................... 2

## INTRODUCTION

Defendants waived their right to seek repayment of Ms. Ragan's $200,000 Sign-on Payment. Ms. Ragan's Offer Letter required repayment of the $200,000 Sign-on Payment before the last day of her employment. The Offer Letter authorized Defendants to make deductions from her paychecks to recoup payment of the Sign-on Payment. But Defendants *never* made deductions after terminating Ms. Ragan. Instead, they continued to pay out the entirety of Ms. Ragan's garden leave *plus* unused vacation days, and *never* demanded repayment until Ms. Ragan indicated she was pursuing litigation—over seven months after her termination. Defendants have waived their right to repayment and Ms. Ragan is thus entitled to summary judgment on Defendants' counterclaim.

## ARGUMENT

**I.  Defendants waived their right to repayment of the $200,000 Sign-on Payment.**

Waiver is the unilateral, intentional, and irrevocable relinquishment of a known right. *Home Ins. Co. v. Cincinnati Ins. Co.,* 213 Ill. 2d 307, 326 (Ill. 2004); *Ames v. Crown Life Ins. Co. of Toronto, Canada,* 85 Ill. App. 3d 203, 204 (3d Dist. 1980); *Elmore Real Estate Imp. Co. v. Olson,* 332 Ill. App. 475, 480 (1st Dist. 1947) (defendants waived the right to terminate a contract where plaintiff failed to meet contractually required minimum sales figures for two years, but the plaintiff continued to operate under the contract for another year).

Waiver may be express or implied, based on a party's act, words, conduct, or knowledge. *Home Ins. Co.,* 213 Ill. 2d at 326. A party implies they are waiving a right where their conduct is inconsistent with an intent to enforce that right. *Id.* "If [a party] has intentionally relinquished a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it and may not thereafter seek judicial enforcement." *Whalen v. K-Mart Corp.,* 166 Ill. App. 3d 339, 343 (1st Dist. 1988), citing *Saverslak v. Davis-Cleaver Produce Co.,* 606 F. 2d

208, 213 (7th Cir. 1979), *cert. denied,* 444 U.S. 1078, citing *Pierce v. MacNeal Mem'l Hosp. Assoc.,* 46 Ill. App. 3d 42, 52 (1st Dist. 1977). "Where there is no dispute as to the material facts and only one reasonable inference can be drawn, it is a question of law as to whether waiver has been established." *Home Ins. Co.,* 213 Ill. 2d at 326. Where "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56.

The facts relating to Defendants' counterclaim are undisputed. Ms. Ragan was offered a $200,000 Sign-on Payment in her Offer Letter. SOUMF, ¶¶ 2–3, 7. Ms. Ragan executed the Offer Letter that states, in pertinent part:

> You agree to repay 100% of this Sign-on Payment to BP if you resign or your employment is terminated with cause (e.g. breaching or non-compliance with the company's policies, guidelines, code of conduct, or not meeting performance requirements due to misbehaviours or willful disregards of BP rules or procedures) at any time within 24 months from the commencement date of this employment. **In this case, the amount of the bonus must be fully repaid in cash in gross at least one day prior to the last date of employment. Your signature on this letter indicates your consent for BP to deduct the full or any remaining unpaid amounts of the Sign-on Payment (if owed under the terms of this letter agreement) from any wages, payments, bonuses, vacation, etc., that would have otherwise been paid to you at the time of termination.**

SOUMF, ¶¶ 3, 7 (emphasis added).

BP terminated Ms. Ragan's employment on December 14, 2016, within 24 months of the commencement of her employment. SOUMF, ¶ 10. At no time during its termination meeting with Ms. Ragan did Defendants discuss her repayment of the $200,000 Sign-on Payment. SOUMF, ¶ 12. The Offer Letter provides that Ms. Ragan "must" repay the Sign-on Payment "at least one day prior to the last date of employment." SOUMF, ¶ 7.

2

The only demand that Defendants made for repayment of the $200,000 Sign-on Payment after Ms. Ragan purportedly breached the Offer Letter and before this lawsuit was in response to Ms. Ragan's attorney indicating the possibility of litigation in July 2017. SOUMF, ¶ 13. In other words, this demand for repayment was made more than seven months after Ms. Ragan was required to repay the $200,000 under the Offer Letter. During these seven months, Defendants took numerous actions demonstrating their waiver to recoup the $200,000 Sign-on Payment. They placed Ms. Ragan on a three-month Garden Leave as provided for in her Offer Letter. SOUMF, ¶¶ 2–3, 9, 11. During this time, Defendants continued to pay Ms. Ragan her regular paycheck. SOUMF, ¶ 14. And Defendants also paid out Ms. Ragan's remaining vacation days. SOUMF, ¶ 15.

The Offer Letter executed by Ms. Ragan authorized Defendants to make deductions for the "full or any remaining unpaid amounts of the Sign-on Payment…from any wages, payments, bonuses, vacation, etc., that would have otherwise been paid to you at the time of termination." SOUMF, ¶¶ 3, 7. Yet Defendants *never* deducted payment from Ms. Ragan's paychecks to recoup payment of the Sign-on Payment. SOUMF, ¶ 16. These undisputed material facts lead to only one reasonable inference—that Defendants waived their right to enforce repayment of the Sign-on Payment. *See Home Ins. Co.,* 213 Ill. 2d at 326. Ms. Ragan is thus entitled to summary judgment in her favor as a matter of law. *See Id.; see also Whalen,* 166 Ill. App. 3d at 343.

**II.     Defendants' anticipated opposition has no basis in law.**

Ms. Ragan reasonably anticipates that Defendants will respond to this motion by arguing that (1) Ms. Ragan should not benefit from her breach; (2) Defendants' initial demand for repayment of the Sign-on Payment was contained in the Offer Letter itself; and (3) Defendants did not impliedly waive their right to repayment of the Sign-on Payment. Each of these anticipated arguments fail.

3

First, courts have routinely rejected the argument that a party should not benefit from their breach of a contract. *Geier v. Hamer Enter., Inc.,* 226 Ill. App. 3d 372, 391 (1st Dist. 1992) (collecting cases). This is because a party to a contract may waive contractual provisions— including those provided for their benefit. *Id.*

Second, Defendants might argue that they originally demanded repayment of the Sign-on Payment by placing the repayment provision in the Offer Letter. This argument turns basic contract principles on their head. Defendants cannot maintain a breach of contract cause of action until a breach occurs, *see Milnes v. Hunt,* 311 Ill. App. 3d 977, 980 (4th Dist. 2000), citing *Berg & Assoc., Inc. v. Nelsen Steel & Wire Co.,* 221 Ill. App. 3d 526, 534 (1st Dist. 1991), and no breach occurred at the time Defendants issued the Offer Letter.

To maintain a breach of contract action, all conditions precedent stated in the contract must occur. *Hollman v. Putman,* 260 Ill. App. 3d 737, 741 (3d Dist. 1994) (contract for removal of entire thyroid if malignancy discovered contained condition precedent of discovery of a malignancy). Here, the Offer Letter provides the alternative conditions precedent that Ms. Ragan would have to repay the Sign-on Payment one day prior to her last day of employment if she resigned or was terminated with cause. SOUMF, ¶ 7. Defendants were not entitled to demand repayment until Ms. Ragan either resigned or was terminated with cause. Thus, the language contained in the Offer Letter cannot be construed as a demand, making the only relevant demand the one occurring seven months after Ms. Ragan's termination.

Third, Defendants could argue that they did not impliedly waive their right to recoup the Sign-on Payment. They would be wrong. The facts here are analogous to *Delta Consulting*, where the Seventh Circuit affirmed the district court's grant of summary judgment finding implied waiver of right to damages under a contract. *Delta Consulting Group, Inc. v. R. Randle*

4

*Const., Inc.,* 554 F.3d 1133, 1140-41 (7th Cir. 2009). There, Delta sued Randle for the remaining balance for services it provided, and Randle counterclaimed for breach of contract on the grounds that Delta performed inadequate work, seeking return of the $62,000 it paid. *Id.* Randle did not object to Delta's services or demand return of the $62,000 paid until it received Delta's demand for payment. *Id.* The Seventh Circuit held that Randle had impliedly waived its right to recover because it continued to pay Delta after the preliminary budget was reached and far exceeded, the work performed was rejected twice by the third party, and Randle had a "hostile meeting" with the third party about the work submitted by Delta. *Id.* at 1141.

Here, Defendants' conduct is even more unequivocal than Randle's. Defendants never deducted *any* payments from Ms. Ragan's wages, continued to pay Ms. Ragan for *three months* through her garden leave, paid out Ms. Ragan's remaining vacation time of 64 hours, and did not seek repayment of the Sign-on Payment until receiving Ms. Ragan's counsel's communication threatening litigation. SOUMF, ¶¶ 13–16. Defendants' conduct undisputedly manifests a clear, unequivocal, and decisive intention to waive the right to repayment.

## CONCLUSION

Kathleen Ragan requests this Honorable Court grant her Motion, enter judgment in favor of Kathleen Ragan on Defendants' Counterclaim, finding that Defendants have waived their right to recoup the $200,000 Sign-on Payment, award Kathleen Ragan costs to defend this Counterclaim, and all other relief deemed just and proper.

5

                                              Respectfully submitted,
                                              Kathleen Ragan
                                              */s/ Joseph L. Kish*
                                              One of her Attorneys

Joseph L. Kish – jkish@smsm.com
Matthew D. Kelly – mkelly@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800