**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kathleen Ragan, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BP Products North America, Inc., a Maryland corporation; BP America, Inc., a Delaware corporation,<br><br>Defendants.<br><br>and<br><br>BP Products North America Inc. and BP America Inc.,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>Kathleen Ragan,<br><br>Counter-Defendant. | Case No. 1:17-cv-09208<br><br>Honorable Marvin E. Aspen<br><br>Magistrate Judge Jeffrey T. Gilbert |

**<u>BP AMERICA INC.'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES</u>**

BP America Inc. ("BPA") supplements its answers Plaintiff Kathleen Ragan's Interrogatories as follows:

**<u>INTERROGATORY NO. 1:</u>**

DESCRIBE ALL bases on which YOU terminated KATHLEEN RAGAN, and for EACH basis, IDENTIFY all individuals involved in YOUR decision, and IDENTIFY ALL facts and DOCUMENTS that evidences or support EACH basis.

**<u>ANSWER:</u>**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that it contains multiple subparts and

calls for a narrative response. BPA objects to this interrogatory to the extent it seeks information protected by the attorney-client or work-product privileges. BPA did not employ Kathleen Ragan, nor did it terminate her. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 2:**

DESCRIBE ALL actions by KATHLEEN RAGAN during her employment with YOU that violated YOUR code of conduct, IDENTIFY which provision of the code of conduct, and DESCRIBE ALL actions by YOU in response to each instance, IDENTIFY all individuals involved in YOUR action, and IDENTIFY ALL facts and DOCUMENTS that evidences or supports EACH action.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "involved in" and "all actions." BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not employ Kathleen Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 3:**

DESCRIBE ALL actions by KATHLEEN RAGAN during her employment with YOU that violated YOUR policies, IDENTIFY which policy, DESCRIBE ALL actions by YOU in response to the instances indicated, IDENTIFY all individuals involved in YOUR action, and IDENTIFY ALL facts and DOCUMENTS that evidences or supports EACH action.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "involved in" and "all actions." BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-

product privileges. BPA did not employ Kathleen Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 4:**

DESCRIBE ALL actions by KATHLEEN RAGAN during her employment with YOU that violated YOUR trading guidelines, IDENTIFY which guideline, DESCRIBE ALL actions by YOU in response to the instances indicated, IDENTIFY all individuals involved in YOUR action, and IDENTIFY ALL facts and DOCUMENTS that evidences or supports EACH action.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "involved in" and "all actions." BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not employ Kathleen Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 5:**

DESCRIBE ALL actions by KATHLEEN RAGAN during her employment with YOU that violated Federal or state laws or regulations and specify which law or regulation, DESCRIBE ALL actions by YOU in response to EACH instance, IDENTIFY all individuals involved in YOUR action, and IDENTIFY ALL facts and DOCUMENTS that evidences or supports EACH action.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "involved in" and "all actions." BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not employ Kathleen Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 6:**

DESCRIBE ALL findings and conclusions YOU reached as a result of YOUR investigation in to KATHLEEN RAGAN'S share ownership of Clean Energy Fuels.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that it calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous as to the terms "findings" and "conclusions." BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not employ Kathleen Ragan and did not conduct an investigation into her share ownership of Clean Energy Fuels. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 7:**

DESCRIBE ALL actions in which YOU provided KATHLEEN RAGAN with copies of YOUR policies, YOUR code of conduct, YOUR trading guidelines, and YOUR bonus plans that apply to KATHLEEN RAGAN'S employment with YOU, and IDENTIFY ALL facts and DOCUMENTS that evidences or supports EACH instance.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is overbroad and not proportional to the needs of the case. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "provided." BPA did not employ Kathleen Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 8:**

IDENTIFY ALL DOCUMENTS YOU gave KATHLEEN RAGAN stating that her 2015 minimum bonus was discretionary, and IDENTIFY on what date you provided her with EACH DOCUMENT.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence; specifically, the phrase "her 2015 minimum bonus" is inaccurate. BPA further objects to this interrogatory on the grounds that it contains multiple subparts. *See* Ragan's April 23, 2015 offer letter. *See also* BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 9:**

DESCRIBE why you offered KATHLEEN RAGAN a $200,000 Sign-on Payment.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that calls for a narrative response. BPA further objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not offer Ragan a $200,000 Sign-on Payment. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 10:**

DESCRIBE why you offered KATHLEEN RAGAN a $500,000.00 minimum bonus for the 2015 performance year.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that calls for a narrative response. BPA further objects to this interrogatory to the extent that it seeks information protected by the

attorney-client or work-product privileges. BPA did not offer Ragan any bonus. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 11:**

DESCRIBE why you awarded KATHLEEN RAGAN $415,000.00 in cash and $85,000.00 in restricted stock for her 2015 minimum bonus, instead of awarding the 2015 minimum bonus, and IDENTIFY ALL individuals involved in making this decision.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "involved in." BPA did not award Ragan any bonus. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 12:**

DESCRIBE why you offered KATHLEEN RAGAN $500,000.00 in restricted stock units.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence. BPA further objects to this interrogatory on the grounds that calls for a narrative response. BPA further objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA did not offer Ragan any restricted stock units. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 13:**

DESCRIBE the amount of money expensed by Daniel Barry and Zachary Scott associated with the recruitment of KATHLEEN RAGAN.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "associated with the recruitment." BPA did not employ Dan Barry or Zach Scott. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 14:**

DESCRIBE the overall performance of the carbon book during KATHLEEN RAGAN'S employment.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it is overbroad and not proportional to the needs of the case. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "overall performance." See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 15:**

DESCRIBE ALL individuals from the Global Environmental Products Group that received bonuses for the years 2014 through 2018 and IDENTIFY the total amount of the bonus, whether any portion of the bonus was deferred, whether any portion of the bonus was cash for EACH individual.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds

that it is overbroad and not proportional to the needs of the case. BPA further objects to this interrogatory on the grounds that it is overbroad and seeks confidential information regarding individuals who are not party to this lawsuit. BPA further objects to this interrogatory on the grounds that it does not and has never employed any individuals in BP Products North America Inc.'s Global Environmental Products Group. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 16:**

DESCRIBE ALL BP employees actively involved with BP's partnership with CLNE during KATHLEEN RAGAN'S employment.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "actively involved with" and "partnership." BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA is not an employing entity and it does not have and has never had any employees. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 17:**

DESCRIBE ALL demands YOU made for repayment of the $200,000.00 Sign-on Payment before this lawsuit was initiated and IDENTIFY ALL DOCUMENTS evidencing such demands.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "demands." BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA did not pay Ragan a

$200,000 Sign-on Payment and therefore did not make any demands for repayment. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 18:**

DESCRIBE ALL instances where YOU deducted amounts from KATHLEEN RAGAN'S paychecks for reimbursement of the Sign-on Payment.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA never employed Ragan and therefore did not have any ability to deduct any amounts from Ragan's paychecks. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 19:**

DESCRIBE why KATHLEEN RAGAN was moved from a trading position to a marketing position in 2016.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "marketing position." BPA further objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA never employed Ragan. See BP Products North America Inc.'s response to this same interrogatory that was propounded upon it.

**INTERROGATORY NO. 20:**

IDENTIFY ALL other BP employees who, since January 1, 2008, have been terminated for the same alleged violations as KATHLEEN RAGAN.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it is overbroad and not proportional to the needs of the case. BPA further objects to this interrogatory on the grounds that it seeks confidential information regarding individuals who are not party to this lawsuit. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "for the same alleged violations." BPA further objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA is not an employing entity and it does not have and has never had any employees.

**INTERROGATORY NO. 21:**

DESCRIBE ALL bases for Daniel Barry's departure from employment with BP that are RELATED to KATHLEEN RAGAN or this lawsuit, and for EACH basis, IDENTIFY all individuals involved in this decision, and IDENTIFY ALL facts and DOCUMENTS that evidences or support EACH basis.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it seeks highly confidential information regarding an individual who is not a party to this lawsuit. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "bases," "related to," and "involved in." BPA further objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA further objects to this interrogatory on the grounds that it

assumes facts not in evidence; BPA did not employ Dan Barry, BPA is not an employing entity, and BPA does not have and has never had any employees.

**INTERROGATORY NO. 22:**

DESCRIBE ALL bases for Daniel Barry's departure from employment with BP, and for EACH basis, IDENTIFY all individuals involved in this decision, and IDENTIFY ALL facts and DOCUMENTS that evidences or support EACH basis.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it contains multiple subparts and calls for a narrative response. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "bases" and "involved in." BPA further objects to this interrogatory on the grounds that it seeks confidential information regarding an individual who is not a party to this lawsuit. BPA also objects to this interrogatory to the extent that it seeks information protected by the attorney-client or work-product privileges. BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA did not employ Dan Barry, BPA is not an employing entity, and BPA does not have and has never had any employees.

**INTERROGATORY NO. 23:**

IDENTIFY ALL DOCUMENTS in Daniel Barry's personnel file RELATING TO KATHLEEN RAGAN.

**ANSWER:**

BPA objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense. BPA further objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "personnel file" and "relating to." BPA further objects to this interrogatory on the grounds that it seeks confidential information

regarding an individual who is not a party to this lawsuit. BPA further objects to this interrogatory on the grounds that it assumes facts not in evidence; BPA did not employ Dan Barry, BPA is not an employing entity, and BPA does not have and has never had any employees.

**DATED: December 13, 2018**

Respectfully submitted,

BP AMERICA INC.

By: s/ Katherine Mendez
One of Its Attorneys

Katherine F. Mendez
kmendez@seyfarth.com
Ashley K. Laken
alaken@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**VERIFICATION**

I, Jim Bordignon, IST Compliance Manager for BP Products North America Inc., have read the foregoing BP America Inc.'s Supplemental Answers to Interrogatories and verify that the statements contained therein are true and accurate to the best of my knowledge, information, and belief. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2018

Jim Bordignon

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing BP AMERICA INC.'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES was served upon:

Joseph L. Kish
Kelley S. Gordon
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, IL 60661
jkish@SMSM.com
ksgordon@SMSM.com

by electronic mail and U.S. mail, postage prepaid, on the 13th day of December, 2018.

s/ Katherine Mendez
Katherine Mendez