IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen Ragan, an individual. | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-09208** |
| | ) | |
| BP Products North America, Inc., | ) | |
| a Maryland corporation; | ) | Judge: Honorable Marvin E. Aspen |
| BP America, Inc., | ) | |
| a Delaware corporation; | ) | |
| | ) | Jury Trial Demanded |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

Defendants claim that this Court "did not address *at all* BP's argument" that the RSUs did not qualify as "compensation" under the IWPCA because they were not granted in return for services rendered. (Defs.' Mot. 4) (emphasis in original.) Defendants are mistaken. This Court considered—and then properly rejected—Defendants' argument that summary judgment should be granted in their favor because Ms. Ragan's RSU grant is considered compensation under the IWPCA. This Court did not misapprehend Defendants' argument or make a manifest error of law or fact. Defendants' Motion for Partial Reconsideration should be denied.

**ARGUMENT**

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). Defendants' singular claim on reconsideration is that this Court misapprehended their argument that the $500,000

1

RSU grant is not "compensation" under the IWPCA as defined in the Illinois Administrative Code because the grant was not "in return for services rendered." (Defs.' Mot. 4.) This argument makes no sense for two principle reasons. First, under the terms of the parties' agreement, Ms. Ragan would only receive the RSU grant *after* she had started her employment. (Pl.'s L.R. 56(b)(3) Statement of Additional Facts ¶ 6, Doc. 90) ("Your grant will be issued in the quarter following your start date with BP….") This unequivocally shows that Ms. Ragan would only be granted the RSUs after she provided services to Defendants. Second, the agreement also states that 25% of Ms. Ragan's RSU grant would vest two years after the grant date and the remaining 75% would vest a year later—so long as she was still a BP employee at the vesting dates. (*Id.*) In other words, the agreement contemplated that, should Ms. Ragan's employment with BP end (either voluntarily or for cause) before those milestones, she would not receive the RSU grant because she would not have provided her services to BP. (*Id.*) ("In general, in order for the RSU's to vest, you must be employed by BP on the vesting date.") Consequently, by its very nature the unvested RSU grant was compensation for Ms. Ragan's employment with BP—just as the $85,000 in unvested RSUs from her performance bonus is also compensation under the IWPCA.

Defendants wrongly claim that Ms. Ragan failed to address the "for services rendered" element of the Administrative Code definition of compensation, and that this phrase has a "consequential impact" on her IWPCA claim. (Defs.' Mot. 4.) Defendants fail to cite, however, in their Motion or their Motion for Summary Judgment any published opinion supporting their crabbed interpretation of the Code's definition of compensation, or to any opinion stating that unvested shares provided to an employee in the quarter following their employment start date is not considered "compensation" under the IWPCA. Nor do they cite to any published opinion supporting their contention that the RSUs are not compensation under the IWPCA. And they fail

to acknowledge that "the comprehensiveness of the [IWPCA] demonstrates a legislative intent to include *broad classes of compensation* due employees within the responsibility of the Department." *Metropolitan Dist., Inc. v. Ill. Dep't of Labor*, 114 Ill. App. 3d 1090, 1094 (1st Dist. 1983) (emphasis added). Ultimately, Defendants fail to explain why the RSUs are not compensation for services rendered when, by the express terms of the parties' agreement, they were only earned after Ms. Ragan started providing services, and they were forfeited should Ms. Ragan stop providing services before the vesting date because her employment ceased. Defendants should not be able to withhold the RSU grant as unrecognized compensation under the IWPCA after pretextually terminating Ms. Ragan in violation of their implied covenant of good faith and fair dealing. Nothing in the IWPCA or the Administrative Code suggest otherwise.

Defendants also fail to cite to any evidence to support their claim (Defs.' Mot. 2–3) that the RSU grant was only an inducement for her to join BP. Equally as important, they fail to explain why this is supposedly dispositive of the issue.[1] Nevertheless, the IWCPA defines "final compensation" as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2. If the RSU grant were an inducement as Defendants claim, then Ms. Ragan received the grant at the time she accepted Defendants' offer of employment and she is thus owed the grant as final compensation because it tantamount to an "earned bonus" under the Act. Any other interpretation defies logic and the law.

---

[1] Defendants' claim is illogical: are not all other forms of compensation (base salary, tips, bonuses, benefits, etc.) that are undoubtedly subject to the IWPCA also an inducement for employment?

3

Based on their misunderstanding of the Court's opinion, Defendants errantly claim (Defs.' Mot. 3) that Ms. Ragan failed to address their argument that the RSU grant was not compensation, and that this Court failed to rule on Ms. Ragan's IWPCA claim related to the grant. It is clear, however, that the Court addressed both of Plaintiff's IWPCA claims. As this Court correctly noted, Ms. Ragan's "*claims* under the IWPCA rise or fall with the breach of contract claims." (Nov. 25, 2019, Mem. Op. 28) (emphasis added.) This Court thus understood that Ms. Ragan alleged two counts under the IWPCA for different portions of her compensation, and the Court properly held that both claims are tied to her breach-of-contract claims and thus survive summary judgment. (*Id.*) This Court did not "patently misunderstand" Defendants' argument, nor did it make "an error…of apprehension." *Vill. of Schaumberg v. St. Paul Mercury Ins. Co.*, No. 07-cv-6654, 2009 WL 1409699, *1 (N.D. Ill. May 20, 2009) (Aspen J.) (internal quotation marks omitted). To the contrary, this Court completely understood the bases on which Defendants' Motion for Summary Judgment must be denied. And because Defendants failed to provide supporting case law establishing that the RSUs are not compensation under the IWPCA—relying instead on an unrecognized, nebulous, and tortured interpretation of the definition of compensation—this Court did not commit a "manifest error of law or fact." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07-cv-1394, 2011 U.S. Dist. LEXIS 50894, at *4 (N.D. Ill. May 12, 2011) (Aspen J.) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"). There was no disregard, misapplication, or failure to recognize controlling precedent here because Defendants failed to provide any precedent supporting their argument.

Lastly, the facts here are greatly dissimilar from those in Defendants' cited (Defs.' Mot. 2) case of *United Air Lines v. ALG, Inc.*, where this Court only granted the plaintiff's

motion to reconsider because of the extraordinary situation where newly cited language in the parties' contract, which had not been previously raised, was dispositive on *seven* of the parties' eight remaining counts. *United Air Lines v. ALG, Inc.*, 916 F. Supp. 793, 797 (N.D. Ill. 1996). Rather, this case is similar to *Maher v. Rowen Grp., Inc.*, where the plaintiffs sought reconsideration of this Court's denial of their motion for summary judgment on their breach of contract claim, arguing that the Court misapprehended the terms of the parties' contract and it failed to understand the plaintiffs' argument regarding the proper interpretation of the contract. *Maher v. Rowen Grp., Inc.*, No. 12-C-7169, 2015 U.S. Dist. LEXIS 87646, at *7–8 (N.D. Ill. July 7, 2015) (Aspen J.) The Court denied the motion for reconsideration, finding that it neither misunderstood nor misapprehended the defendants' arguments and it committed no error in its original rulings. *Id.* As in *Maher*, so too here. Defendants therefore did not prevail in their "uphill battle" and their Motion for Partial Reconsideration should be denied.

## CONCLUSION

Kathleen Ragan requests this Honorable Court deny Defendants' Motion for Partial Reconsideration, and all other relief deemed just and proper.

January 6, 2020

Respectfully submitted,
Kathleen Ragan

*/s/ Joseph L. Kish*_____
One of her Attorneys

Joseph L. Kish – jkish@smsm.com
Matthew D. Kelly – mkelly@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing paper was served upon all counsel of record electronically through CM/ECF on January 6, 2020.

                   Respectfully submitted,

                   *By:* /s/ *Joseph L. Kish*

Joseph L. Kish – jkish@smsm.com
Matthew D. Kelly – mkelly@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 S. Wacker Dr.
Suite 5500
Chicago, IL 60606
(312) 645-7800